# EXHIBIT A

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

THE 3M COMPANY F/K/A MINNESOTA MINING AND MANUFACT...

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

TYCO FIRE PRODUCTS, L.P.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

JOHNSON CONTROLS INTERNATIONAL, PLC

UNREDACTED

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

CHEMGUARD, INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

BUCKEYE FIRE EQUIPMENT COMPANY

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

E.I. DUPONT DE NEMOURS AND COMPANY

UNREDACTED

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

THE CHEMOURS COMPANY

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

THE CHEMOURS COMPANY FC, LLC

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

CORTEVA, INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED



This form shall not be modified. It may be supplemented with additional material.

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

DUPONT DE NEMOURS INC. F/K/A/ DOWDUPONT, INC.

UNREDACTED

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

ARKEMA INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED


This form shall not be modified. It may be supplemented with additional material.

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

AGC CHEMICALS AMERICAS INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

DYNAX CORPORATION

UNREDACTED

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023



This form shall not be modified. It may be supplemented with additional material.

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

CLARIANT CORPORATION

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

BASF CORPORATION

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

Case 2023CV000465 Document 10 Filed 10-05-2023 Page 1 of 1

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

CHEMDESIGN PRODUCTS, INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

AMEREX CORPORATION

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

ARCHROMA MANAGEMENT LLC

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED



**This form shall not be modified. It may be supplemented with additional material.**

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

DEEPWATER CHEMICALS, INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

NATION FORD CHEMICAL COMPANY

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Filing Notice**

Case No. 2023CV000465
Class Code: Property Damage

CHEMICALS, INC.

Case number 2023CV000465 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5005e0**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: October 6, 2023

UNREDACTED

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY

TOWN OF CAMPBELL

Plaintiff,

v.

THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.

Defendants.

**SUMMONS**

Case No.:

Case Code: 30100, 30106, 30201, 30301

**JURY TRIAL DEMAND**

## SUMMONS

THE STATE OF WISCONSIN, to each party named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of Plaintiff’s legal action.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 2 of 71

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Wis. Stat. §802.06, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is La Crosse County Courthouse, 333 Vine St, La Crosse, WI 54601, and to the attorneys for Plaintiff, Singleton Schreiber, LLP, whose address is 1641 N. Downing Street, Denver, Colorado 80218.

You may have an attorney help or represent you. If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money damages or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money damages may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED this 5th day of October 2023.

Respectfully submitted,

SINGLETON SCHREIBER, LLP

By: *<u>/s/ Kevin S. Hannon</u>*
Kevin S. Hannon
Wisconsin Registration # 1034348
1641 N. Downing Street
Denver, CO 80218
Ph: (720)704-6028
khannon@singletonschreiber.com

By: <u>*/s/ Paul Starita*</u>
Paul Starita
*(Pending Pro Hac Vice)*
591 Camino de la Reina #1025
San Diego, CA 92108
Ph: (720)704-6028
pstarita@singletonschreiber.com

By: <u>*/s/ Joseph A. Welsh*</u>
Joseph A. Welsh
(*Pending Pro Hac Vice)*
1641 Downing Street
Denver, CO 80218
Ph: (619)346-4580
jwelsh@singletonschreiber.com

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 4 of 71

FILED
10-05-2023
Clerk of Circuit Court
La Crosse County WI
2023CV000465
Honorable Scott L Horne
Branch 4

STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY

TOWN OF CAMPBELL

Plaintiff,

v.

THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.

Defendants.

**COMPLAINT**

Case No.:

Case Code: 30100, 30106, 30201, 30301

**COMPLAINT AND JURY TRIAL DEMAND**

## COMPLAINT

### SUMMARY OF CLAIMS

1. Plaintiff, TOWN OF CAMPBELL (*hereinafter* "Plaintiff"), by and through its undersigned counsel, file this action against THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co. ("3M"); TYCO FIRE PRODUCTS, L.P., successor-in-interest to THE ANSUL COMPANY ("TYCO"); JOHNSON CONTROLS INTERNATIONAL, PLC

("JOHNSON CONTROLS"); CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC. (collectively referred to herein as the "Defendants"), and allege as follows:

2. Plaintiff seeks to be made whole for the property damages and economic losses it has incurred because of Defendants' contamination of groundwater, water supply, water systems, sewer systems, piping, soil, and other property relied upon by citizens of the Town and the Town itself, and the Town's past, present, and future necessary response to that contamination.

3. Defendants manufactured, distributed, and/or sold a fire suppressant known as Aqueous Film Forming Foam (*hereinafter* "AFFF"), and the toxic per- and polyfluoroalkyl substances (*hereinafter* "PFAS") used in AFFF. Defendants sold AFFF, and its toxic PFAS components, to the City of La Crosse, Wisconsin (*hereinafter* "La Crosse"), and the La Crosse Regional Airport (*hereinafter* "LSE"), which used the AFFF at locations including LSE. Defendants manufactured, sold, and/or distributed AFFF, and its toxic PFAS components, with knowledge and with inadequate warning of the toxic effects PFAS contained in AFFF

would cause if AFFF was released into and contaminated the environment, particularly surface and groundwater relied on for consumption and use by communities. Defendants did so without regard to Plaintiff's an its citizen' property rights and interests, which would foreseeably be invaded by toxic PFAS contained in AFFF once they infiltrated the environment, including the groundwater.

4. AFFF sold to La Crosse and LSE contained PFAS, including perfluorooctane sulfonate (*hereinafter* "PFOS"), perfluorooctanoic acid (*hereinafter* "PFOA"), and/or certain other PFAS, including those that can degrade into other PFAS. All the toxic PFAS components contained in AFFF were manufactured, sold, and/or distributed by the Defendants.

5. PFAS are a group of toxic, extremely persistent, and bio-accumulative synthetic chemicals, which when consumed can cause numerous serious health impacts. The presence of toxic PFAS components contained in AFFF contaminates groundwater and water supplies and interfere with property rights. Such contamination of Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property has occurred in the past, is ongoing, and will continue to occur well into the future.

6. Defendants have been aware since the 1960's and 1970's that PFOA, PFOS, and other PFAS are toxic, do not biodegrade, are persistent in the environment, move easily through soil and groundwater, and pose a significant risk to human health and safety; yet Defendants elected to manufacture, sell, and/or distribute AFFF containing toxic PFAS components and produce such PFAS for the manufacture of AFFF, without warning their customers, placing profits over public health and safety.

7. As the manufacturers, sellers, and/or distributors of AFFF containing toxic PFAS components, Defendants knew or should have known that the inclusion of PFAS

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 7 of 71

chemicals in AFFF presented an unreasonable risk to human health and the environment. Defendants also knew or should have known that the toxic PFAS components used in AFFF are highly soluble in water, highly mobile and highly persistent in the environment, and highly likely to contaminate water supplies if released to the environment.

8. Defendants marketed, sold, and/or distributed their AFFF containing toxic PFAS components with knowledge that large quantities of toxic AFFF would be used in training exercises, fire control, fire sprinkler systems, emergency situations, and in other ways at airports, including LSE, in such a manner that toxic its toxic PFAS components would be released into and contaminate the environment.

9. Because of the Defendants' tortious development, manufacturing, marketing, sale, and/or distribution of AFFF containing toxic PFAS compenents, Plaintiff's and its citizens' soil, groundwater, water supply, water systems, sewer systems, piping, soil, and other property have been contaminated with toxic PFAS components. As a direct and proximate result, Plaintiff has incurred, and will continue to incur, significant past, present, and future expenses and losses associated with reasonable and necessary response to the discovery of toxic PFAS contamination of wells in their community. Such costs include, but are not limited to, securing short- and long-term alternative water supplies and other lost time responding to and mitigating the impacts of PFAS contamination from Defendants' AFFF and its impacts on Plaintiff's citizens. The presence of toxic PFAS in Plaintiff's and its citizens' water supplies, caused by Defendants' AFFF, interferes with the Plaintiff's property rights, and that of its citizens.

10. Plaintiff's groundwater wells are located on French Island, Wisconsin, proximate to LSE. Plaintiff's associated groundwater and wells are contiguous with the soil and

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 8 of 71

groundwater underneath LSE.

11. Groundwater and surface water released from LSE migrates through soil and groundwater to the wells throughout the Town.

12. AFFF, containing toxic PFAS components, released at LSE migrated, and continue to migrate, from areas of release on and around LSE to the groundwater wells throughout the Town. Toxic PFAS contained in these AFFF releases have entered, and continue to enter, and contaminate Plaintiff's and its citizens' groundwater, water supply, waters systems, sewer systems, piping, soil, and other property.

13. Record of AFFF containing toxic PFAS components manufactured, sold, and/or distributed by Defendants to LSE was used in its intended manner at LSE in fire training exercises, firefighting, and other uses from the 1970's through 2020. Storage of AFFF persists at LSE.

14. On October 9th, 2020, Plaintiff was first informed of elevated PFOA and PFOS contamination in the City of La Crosse wells 23 and 24 and groundwater less than 1/3 of a mile from the Town's property.

15. Because PFOA, PFOS, and other PFAS in AFFF detection is widespread in the Town's groundwater wells, Plaintiff has terminated use of the majority of its wells. The remainder of Plaintiff's wells which are still in use have been strictly limited to non-potable functions including dishwashing and restroom purposes.

16. Plaintiff is forced to pursue alternative water supplies because of Defendants manufacture, sale, and/or distribution of AFFF containing toxic PFAS components. Plaintiff is now forced to incur design and engineering costs to install new water and sewer systems and other infrastructure and modify existing infrastructure to create and supply household water to

residents in the Town free from toxic PFAS contamination. Those costs would not have been incurred but for the contamination caused by toxic PFAS components contained in Defendants' AFFF because most Plaintiff's citizens previously drew their water supply from privately owned wells. Plaintiff has also suffered diminution in value and marketability of its property and costs to mitigate contamination of all property owned by Plaintiff.

17. Plaintiff took, and continues to take, and organize delivery of a substitute supply of water for its citizens out of necessity because of the PFAS contaminated water caused by Defendants AFFF throughout the Town and public facilities. Plaintiff has also been forced to purchase and provide alternative water supplies for several of its public facilities, including its town hall, library, and police department, to ensure safe potable water is available for consumption on its property.

18. Thus, through Defendants' tortious conduct developing, manufacturing, marketing, selling, and/or distributing of AFFF containing toxic PFAS components, and they directly and proximately caused Plaintiff's losses by contaminating the groundwater, water supply, water systems, sewer systems, piping, soil, and other property throughout the Town.

19. La Crosse and LSE were sold AFFF, containing toxic PFAS components, manufactured and/or distributed by the Defendants. AFFF was then used by La Crosse and LSE to train for and fight fires among other uses. As a result, PFOA, PFOS, and other PFAS used in Defendants AFFF migrated into the groundwater at and around LSE and into the groundwater under the Town, contaminating wells which supply water for Plaintiff and its citizens at certain public venues, and in Plaintiff's citizens' homes.

20. Testing of groundwater in the Town has revealed widespread toxic PFAS contamination because of Defendants' AFFF. As a result, Plaintiff has thereby been forced to

engage in testing to determine the extent of the contamination, to retain consulting experts to discuss and strategize remediation, supply bottled water to its citizens, and expend significant costs and staff time to respond to the concerns of its citizens, understand the contamination problem, and provide alternatives water supplies to its citizens. Plaintiff is facing additional substantial past, present, and future costs and expenses because of Defendants' tortious conduct.

21. Plaintiff brings this action to recover costs incurred and to be incurred to investigate, monitor, mitigate, treat, and otherwise respond to the PFAS water contamination crisis in the Town caused by Defendants' AFFF. Plaintiff has been forced to incur significant permitting and engineering costs to locate a new safe water supply for the Town. Plaintiff has incurred significant costs in lost staff time that PFAS contamination necessarily required to be directed toward working on short- and long-term mitigation of their water contamination crisis. Plaintiff has suffered the loss of use of its property, including the use of Plaintiff's wells, which have been disconnected or limited to their non-potable uses. As a direct result of Defendants' tortious conduct, Plaintiff has incurred diminished property value and deferred marketability. Plaintiff has suffered and continues to suffer substantial losses because of PFAS contamination and in working to stem the public health and environmental threat caused by the Defendants' AFFF. Plaintiff seeks to ensure the cost of contamination response, water treatment, alternative water supplies, lost time, and all other costs be borne by the Defendant polluter.

**JURISDICTION AND VENUE**

22. This court has personal jurisdiction over Defendants, Johnson Controls, Tyco, Chemguard, Inc., and Chemdesign Products, Inc. pursuant to Wis. Stat. §§801.05(1)(d), (4), (5) due to Defendants' engagement in a substantial and not isolated activities within this state and

having their principal places of business in Wisconsin.

23. Upon belief and information, this court has personal jurisdiction over THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.("3M"); BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; ENTERRA CORPORATION; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC. under Wis. Stat. §§801.05(1)(d), (4), (5) because they engaged, and continue to engage in, manufacture, sale, and/or distribution businesses in Wisconsin and/or to businesses and entities within Wisconsin.

24. Upon belief and information, Defendants conducted substantial business in Wisconsin, solicited sales of, and distributed, AFFF products to numerous customers within Wisconsin, including La Crosse and LSE, and sold and delivered AFFF products intended for use in Wisconsin, including La Crosse and LSE, registered to do business in Wisconsin, maintained websites accessible to Wisconsin, Plaintiff, and Plaintiff's residents, and otherwise availed themselves of the legal rights in Wisconsin.

25. This court has personal jurisdiction over the Defendants as they engaged, and continue to engage, in business in Wisconsin such that it was, and is, reasonably foreseeable that they would be subject to the jurisdiction of the courts of this state.

26. Venue is proper under Wis. Stat. §§801.05(2)(a) & (b), as the claim arose within La Crosse County, and it is in this county that the tangible personal property subject to this claim is situated.

**PARTIES AND GENERAL ALLEGATIONS**

27. Plaintiff, TOWN OF CAMPBELL, is a Wisconsin town under Article IV §23 of the Wisconsin Constitution. Wis. Stat. § 60.01 provides the definition, "a body corporate and politic," and general powers of a town, "(2) a town may: (a) sue and be sued; (b) Acquire and hold real and personal property for public use and convey and dispose of the property; (c) Enter into contracts necessary for the exercise of its corporate powers" under Wisconsin state law.

28. Plaintiff's principal place of business is located at 2219 Bainbridge Street, La Crosse, Wisconsin 54603. Campbell encompasses approximately 3.8 square miles in La Crosse County, Wisconsin, situated on a series of islands called ("French Island") lying between the Mississippi River and the Black River and is home to approximately 4,281 citizens. Campbell owns and operates eight groundwater wells situated on town property. LSE is also situated on French Island and its border adjoins to the Town.

29. Until October 2020, Plaintiff's and its citizens' water supply at several public locations were provided by groundwater wells which were drawn upon by citizens of the Town in addition to many of Plaintiff's citizens' reliance on private wells for household water supplied by the same aquifer.

30. Plaintiff utilized well water supply systems at eight locations within the Town. These wells provided water at Campbell's: (1) Nelson Park; (2) Plainview Park; (3) Campbell Community Center; (4) Fire Point near Plain View Park; (5) Campbell Library; (6) Campbell Town Hall Complex; (7) Campbell Town Hall Fire Department Well; and (8) Fire Point at Lakeshore Drive.

31. Plaintiff has now been forced to, and will continue to be forced to, identify and implement short- and long-term solutions to the PFOA, PFOS, and PFAS water contamination caused by Defendants' tortious conduct in manufacturing, selling, and/or distributing AFFF.

32. Addressing Plaintiff's PFAS contamination crisis caused by Defendants' AFFF has required, and continues to require, Plaintiff's government employees to expend significant time, effort, resources, and money to address issues of short-term alternative water supply, long-term water supply and contamination solutions, and dissemination of contamination information to the public.

33. Defendant 3M is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3M Center, St. Paul, Minnesota 55144. Beginning before 1970 and until at least 2002, 3M manufactured and distributed and sold AFFF. Defendant 3M sold military specification AFFF foam that contained PFASs to airports, including LSE.

34. Defendant Tyco is a limited partnership organized and existing under the laws of the State of Delaware, having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. Tyco manufactures the Ansul brand of products and is the successor-in-interest to the corporation formerly known as The Ansul Company (hereinafter "Ansul" and included in any reference to Tyco).

35. At all times relevant, Tyco manufactured and/or distributed and sold fire suppression products, including AFFF that contained fluorocarbon surfactants containing PFAS. Defendant Tyco distributed and/or sold AFFF to airports, including LSE.

36. Defendant, Johnson Controls is a corporation organized and existing under the laws of Ireland, having a principal place of business at 5757 N. Green Bay Ave., Milwaukee, WI 53209. On or about September 2, 2016, Johnson Controls merged with a subsidiary of Tyco's parent company, Tyco International plc, named Jagara Merger Sub LLC. Johnson Controls was the surviving corporation. After the merger, Tyco International plc changes its name to Johnson Controls International plc.

37. Tyco is an indirect subsidiary wholly owned by Johnson Controls. Since on or around September 2, 2016, Tyco and Johnson Controls have maintained service agreements under which Johnson Controls provides certain services, including environmental consulting and management, to Tyco. Since that time, Johnson Controls has authorized, supervised, directed, performed, or failed to perform the acts alleged in this Complaint.

38. Defendant Chemguard, Inc. is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

39. Chemguard, acquired by Tyco in 2011, is an indirect subsidiary wholly owned by Johnson Controls.

40. At all times relevant to the present litigation, Chemguard designed, manufactured, and sold AFFF containing PFAS that was used in training operations and to fight fires at airports and other locations throughout the country, including at LSE.

41. National Foam, Inc. (a/k/a Chubb National Foam) is a Delaware corporation, having a principal place of business at 141 Junny Road, Angier, North Carolina 27501.

42. At all times relevant to the present litigation, National Foam Inc. designed, manufactured, and sold AFFF containing PFAS that was used for training and to fight fires at numerous airports and other locations throughout the country, including LSE.

43. Kidde Fire Fighting, Inc., f/k/a Chubb National Foam, Inc., f/k/a National Foam Inc., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut 06032. At all times relevant to the present litigation, Kidde Fire Fighting, Inc. designed, manufactured, and sold AFFF containing PFAS that was used in training operations and for emergency fire-fighting situations, including at LSE.

44. Kidde PLC, Inc., f/k/a Williams US Inc., f/k/a Williams Holdings, Inc., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant to the present litigation, Kidde PLC, Inc. designed, manufactured, and sold AFFF containing PFAS that was used in training operations and for emergency fire-fighting situations, including at LSE.

45. Kidde-Fenwal, Inc. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant to this litigation, Kidde- Fenwal, Inc. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations, including at LSE.

46. Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to Kidde-Fenwal, Inc.

47. Upon information and belief, the Canadian Intellectual Property Office has registered the National Foam trademark to Kidde-Fenwal, Inc., formerly registered to Kidde Fire Fighting, Inc.

48. UTC Fire & Security Americas Corporation, Inc., f/k/a GE Interlogix, Inc., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant to this litigation, UTC Fire & Security Americas Corporation, Inc. designed, manufactured, and sold AFFF used for training operations and fighting fires, including at LSE.

49. Upon Plaintiff's information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

50. Enterra Corporation is a Massachusetts corporation. At all times relevant, Enterra Corporation designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations at numerous airports, including at LSE.

51. Upon information and belief, Enterra Corporation is the current holder of the National Foam trademark.

52. Carrier Global Corporation ("Carrier") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

53. On information and belief, Carrier was formed in March 2020 when United Technologies Corporation spun off its fire and security business prior to merging with Raytheon Company a month later. On information and belief, Carrier became successor in interest to Kidde-Fenwal as part of the spin off and is legally responsible for the liabilities arising from Kidde-Fenwal's design, manufacture, marketing, sale, and/or distribution of AFFF.

54. National Foam, Inc.; Kidde Fire Fighting, Inc., f/k/a Chubb National Foam, Inc., f/k/a National Foam Inc., individually and as successor in interest to National Foam, Inc.; Kidde Plc, Inc., f/k/a Williams US Inc., f/k/a Williams Holdings, Inc., individually and as successor in

interest to National Foam, Inc.; Kidde-Fenwal, Inc., individually and as successor in interest to National Foam, Inc.; UTC Fire & Security Americas Corporation, Inc., f/k/a GE Interlogix, Inc.; Enterra Corporation; and Carrier Global Corporation, individually and as successor in interest to National Foam, Inc. shall collectively be referred to herein as "National Foam."

55. At all times relevant to the present litigation, National Foam designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations, including at LSE.

56. Defendant Buckeye Fire Equipment Company ("Buckeye Fire") is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business at 110 Kings Road, Kings Mountain, North Carolina 28086. Buckeye does business throughout the United States, including conducting business in Wisconsin.

57. At all times relevant to the present litigation, Buckeye designed, distributed, manufactured and/or sold AFFF containing PFAS used in training operations and for emergency fire-fighting situations, including at LSE.

58. DuPont Chemical Solutions Enterprise ("DuPont Chemical") was a Delaware Corporation, with a principal place of business located at 1007 Market Street, Wilmington, Delaware 19898.

59. DuPont Chemical was a member of the Telomer Research Program ("TRP"). As a member, it was required to provide a list and volume of products it was selling in the United States on a yearly basis.

60. In a letter addressed to the Office of Pollution Prevention and Toxics ("OPPT") Document Control Office, dated May 14, 2003, and signed by Stephen H.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 18 of 71

Korzeniowski, DuPont provided its list of telomer-based sales products in the United States for the year 2002.

61. The letter, which was redacted and sent to the EPA under its PFOA Stewardship Program, included AFFF sales volume, on an active ingredient pound basis, as well as its Chemical Abstracts Service (CAS) number and chemical name, and is included in the PFOA Stewardship Program Docket.[1]

62. Upon information and belief, at all times relevant to the present litigation, DuPont Chemical designed, manufactured and sold AFFF used for training and to fight fires at numerous locations including airports across the United States.

63. Defendant, E.I. Du Pont de Nemours and Company ("E.I. DuPont"), successor in interest to DuPont Chemical, is a Delaware Corporation and does business throughout the United States, including conducting business in Wisconsin. Its principal place of business is 974 Centre Road, Wilmington, Delaware 19805.

64. Upon information and belief, at all times relevant to the present litigation, E.I. DuPont designed, manufactured and sold AFFF containing PFAS used for training and to fight fires at numerous airports and other locations throughout the country, including LSE.

65. Defendant The Chemours Company ("Chemours"), successor in interest to DuPont Chemical, is a Delaware Corporation and conducts business throughout the United States, including conducting business in Wisconsin. Its principal place of business is 1007 Market Street, Wilmington, Delaware, 19889.

66. Chemours was incorporated as a subsidiary of E.I. Du Pont as of April 30, 2015. From that time until July 2015, Chemours was a wholly owned subsidiary of E.I. Du

[1] https://www.regulations.gov/docket?D=EPA-HQ-OPPT-2006-0621, last accessed 9.22.20.

Pont. In July 2015, E.I. Du Pont spun off Chemours and transferred to Chemours its "performance chemicals" business line, which included the fluoroproducts business, distributing shares of Chemours stock to E.I. Du Pont stockholders, and Chemours has since been an independent, publicly traded company.

67. Upon information and belief, at all times relevant to the present litigation, Chemours designed, manufactured, and sold AFFF containing PFAS used for training and to fight fires at numerous airports and other locations throughout the county, including LSE.

68. E.I. Du Pont merged with The Dow Chemical Company in August 2017 to create DowDuPont Inc. (DowDuPont). E.I. Du Pont and The Dow Chemical Company each merged with wholly-owned subsidiaries of DowDuPont and, as a result, became subsidiaries of DowDuPont. Since that time, DowDuPont has affected a series of separation transactions to separate its businesses into three independent, publicly-traded companies for each of its agriculture, materials science, and specialty products businesses, discussed below.

69. Defendant The Chemours Company FC L.L.C. (" Chemours Company"), successor in interest to DuPont Chemical, is a Delaware Corporation and conducts business throughout the United States, including conducting business in Wisconsin. Its principal place of business is 1007 Market Street Wilmington, Delaware, 19899.

70. Upon information and belief, at all times relevant to the present litigation, Chemours Company designed, manufactured and sold AFFF containing PFAS used for training and to fight fires at numerous airports and other locations throughout the country, including LSE.

71. Defendant DuPont de Nemours Inc., formerly known as DowDuPont, Inc., is a Delaware Corporation that conducts business throughout the United States, including

business in Wisconsin. Its principal place of business is 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

72. Upon information and belief, at all times relevant to the present litigation, DuPont de Nemours manufactured, designed and sold AFFF and/or PFAS components in AFFF that was used at LSE.

73. Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation that conducts business throughout the United States, including business in Wisconsin. Its principal place of business is 974 Centre Rd., Wilmington, Delaware 19805.

74. On June 1, 2019, DowDuPont separated its agriculture business through the spin-off of Corteva, Inc.

75. Corteva, Inc. was initially formed in February 2018. From that time until June 1, 2019, Corteva was a wholly owned subsidiary of DowDuPont.

76. On June 1, 2019, DowDuPont distributed to DowDuPont stockholders all issued and outstanding shares of Corteva, Inc. common stock by way of a pro rata dividend. Following that distribution, Corteva, Inc. is the direct parent of Du Pont and holds certain DowDuPont assets and liabilities, including DowDuPont's agriculture and nutritional businesses.

77. Upon information and belief, at all times relevant to the present litigation, Corteva designed, manufactured and sold AFFF and/or PFAS constituents in AFFF that was used at LSE.

78. On June 1, 2019, DowDuPont, the surviving entity after the spin-off of Corteva, Inc. and of another entity known as Dow, Inc., changed its name to DuPont de Nemours, Inc., to be known as DuPont (New DuPont). New DuPont retained assets in the

specialty products business lines following the above-described spin-offs, as well as the balance of the financial assets and liabilities of E.I. DuPont not assumed by Corteva, Inc.

79. Defendants E. I. du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; DuPont de Nemours, Inc. are collectively referred to as "DuPont" throughout this Complaint.

80. Defendant Dynax Corporation is a Delaware Corporation that conducts business throughout the United States, including business in Wisconsin. Its principal place of business is 103 Fairview Park Drive, Elmsford, New York, 10523-1544.

81. In 1991, Dynax Corporation (f/k/a Daikin-TLIM Co., Ltd.) entered the AFFF business, quickly becoming a leading global producer of fluorosurfactants and fluorochemical foam stabilizers used in firefighting foam agents.

82. Upon information and belief, at all times relevant to the present litigation, Dynax designed, manufactured and sold AFFF and/or PFAS components in AFFF that was used at LSE.

83. Defendant BASF Corporation, ("BASF"), is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 Park Avenue, Florham Park, New Jersey 07932.

84. On information and belief, BASF is the largest affiliate of BASF SE and the second largest producer and marketer of chemicals and related products in North America.

85. On information and belief, BASF Corporation is the successor in interest to Ciba- Geigy, Inc., Ciba Specialty Chemicals Company, and Ciba, Inc., Swiss specialty chemicals companies.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 22 of 71

86. Ciba-Geigy, Inc., Ciba Specialty Chemicals Company, and Ciba, Inc. manufactured and sold PFAS or PFAS constituents for use in AFFF that was used at LSE.

87. Defendant ChemDesign Products, Inc. is a corporation organized and existing under the laws of Texas and having a principal place of business at 2 Stanton Street, Marinette, Wisconsin 54143.

88. ChemDesign Products manufactured PFAS or PFAS constituents for Tyco and Chemguard to use in AFFF, including AFFF that was used at LSE.

89. Defendant Arkema Inc. ("Arkema") is a corporation organized and existing under the laws of Pennsylvania, having a principal place of business at 900 First Avenue, King of Prussia, PA 19406.

90. Arkema develops specialty chemicals and fluoropolymers.

91. Arkema is a successor in interest to Elf Atochem North America and Atofina Chemicals Inc.

92. Arkema, Elf Atochem, and/or Atofina Chemicals manufactured and sold PFAS and/or PFAS components contained in AFFF that was used at LSE.

93. Defendant AGC Chemicals Americas Inc. ("AGC Americas") is a corporation organized and existing under the laws of Delaware, having a principal place of business in 55 East Uwchlan Avenue, Suite 201, Exton, PA 19341. AGC Americas operates throughout the United States, manufacturing glass, electronic displays and chemical products, including resins, water and oil repellants, greenhouse films, silica additives, and various fluorointermediates.

94. AGC Americas manufactured and sold PFAS and/or PFAS components contained in AFFF that was used at LSE.

95. Defendant Clariant Corporation ("Clariant") is a corporation organized and existing under the laws of New York, having a principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

96. Upon information and belief, Clariant was formerly known as Sandoz Chemicals Corporation and as Sodyeco, Inc.

97. Clariant, Sandoz Chemicals and/or Sodyeco manufactured and sold PFAS and/or PFAS components contained in AFFF that was used at LSE.

98. Defendant Amerex Corporation ("Amerex") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 7595 Gadsden Highway, Trussville, AL 35173.

99. Defendant Amerex is a manufacturer of firefighting products. Beginning in 1971, it was a manufacturer of hand portable and wheeled extinguishers for commercial and industrial applications.

100. In 2011, Amerex acquired Solberg Scandinavian AS, one of the largest manufacturers of AFFF products in Europe.

101. On information and belief, beginning in 2011, Amerex designed, manufactured, marketed, sold, and distributed AFFF containing PFAS, including but not limited to PFOA and PFOS, that was used at LSE.

102. Defendant Deepwater Chemicals, Inc. ("Deepwater") is a corporation organized under the laws of Delaware, with its principal place of business located at 196122 E County Road 40, Woodward, OK, 73801.

103. On information and belief, Deepwater Chemicals designed, manufactured, marketed, sold, and distributed fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products that were used at LSE.

104. Defendant Archroma Management LLC ("Archroma") is a foreign corporation organized and existing under the laws of Switzerland, with its a principal place of business at Neuhofstrasse 11, 4153 Reinach, Basel-Land, Switzerland.

105. On information and belief, Archroma was formed in 2013 when Clariant Corporation divested its textile chemicals, paper specialties, and emulsions business to SK Capital Partners.

106. On information and belief, Archroma designed, manufactured, marketed, sold, and distributed PFAS containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products that were used at LSE.

107. Defendant Chemicals, Inc. ("Chemicals, Inc.") is a corporation organized and existing under the laws of Texas, with its principal place of business located at 12321 Hatcherville, Baytown, TX 77520.

108. On information and belief, Chemicals, Inc. supplied PFAS containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products that were used at LSE.

109. Defendant Nation Ford Chemical Co. ("Nation Ford") is a corporation organized and existing under the laws of South Carolina, with its principal place of business located at 2300 Banks Street, Fort Mill, SC 29715.

110. On information and belief, Nation Ford supplied PFAS containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products that were used at LSE.

**PFAS Are Used in Aqueous Film Forming Foam**

111. PFAS are synthetic carbon chain compounds that contain large amounts of the element fluorine. As used in this Complaint, the term "PFAS" includes all PFAS used in Defendants' AFFF and their precursors, derivatives, and/or salts that have been or may be detected in, or that are threatening, Plaintiff's water supplies and property, including inter alia, PFOA, PFOS, PFBA, PFBS, PFHxA, PFHxS, PFPeA, PFHpA, PFNA, PFDA, PFDS, PFUnA, PFDoA, and PFTrA.

112. PFAS are used in the firefighting foam known as AFFF.

113. AFFF is water-based and used to extinguish fires that involve petroleum or other flammable liquid because PFAS resist heat, oil, grease, and water.

114. PFAS are not naturally occurring.

115. 3M AFFF, which is produced through a 3M process called electrochemical fluorination, or ECF, contained PFAS including PFOS. Other formulations of the foam manufactured by Defendant Tyco and other Defendants are synthesized through telomerization and contain PFAS including PFOA. Both processes include formulations containing chemicals that can break down into other PFAS.

116. Defendants each manufactured, sold, and/or distributed AFFF, and/or its toxic PFAS components, for sale to airports across the United States, including AFFF used at LSE.

117. Defendants chose to include and/or distribute PFAS as ingredients in the AFFF they sold and delivered to the AFFF users, including LSE.

118. Defendants sold and delivered AFFF, or its toxic PFAS components, to airports throughout the United States, including LSE.

119. Defendants knew or should have known that the AFFF, and its toxic PFAS components, sold and delivered to users of AFFF would adversely affect the health of persons when used for its intended purpose.

120. Defendants knew or should have known that their harmful and defective product, AFFF and its toxic PFAS components, would be used for various purposes at airports, including, but not limited to, training for firefighting, testing firefighting equipment, actual firefighting, and use in hangar sprinkler fire suppressant systems, which would cause AFFF and its toxic PFAS components to drain into the ground and eventually contaminate the groundwater beneath the airports, and other AFFF release locations, to migrate into the public water supplies of the Plaintiff and its citizens.

**Defendants Knew, And Failed to Provide Notice, of AFFF Toxicity**

121. Upon information and belief, instructions, labels, and material safety data sheets (*hereinafter* "MSDS") were provided with AFFF, and its toxic PFAS components, sold by Defendants, which did not fully describe the health and environmental hazards of AFFF containing PFAS which Defendants knew or should have known.

122. Defendants knew or should have known of these health and environmental hazards for years and failed to disclose this information to, and actively hid it from, their customers, including LSE.

(i) <u>1940s and 1950s: Early Warnings About the Persistence of AFFF</u>

123. In 1947, 3M created its fluorochemical program, and within four years, it began selling PFOA to DuPont. The persistence and contaminating nature of fluorosurfactants

contained in AFFF products were understood prior to their commercial application.

124. The inventor of 3M's ECF process, J.H. Simons', 1948 patent for the ECF process reported that fluorosurfactants produced by the process do not react with other compounds or reagents due to the blanket of fluorine atoms surrounding the carbon skeleton of the molecule. 3M understood that the stability of carbon-to-fluorine bonds prevented its fluorosurfactants from undergoing further chemical reactions or degrading under natural processes in the environment.[2]

125. 3M knew as early as the mid-1950s that PFAS bio-accumulate in humans and animals.

126. A 1956 study at Stanford University concluded that PFAS manufactured by 3M bind to proteins in blood.

127. Nowhere in any MSDS for any of Defendants' AFFF/Component Products is information on the thermal stability of those products disclosed. Failure to disclose knowledge of the stability of the PFAS and fluorosurfactants used in AFFF products to customers is a failure to warn just how indestructible the AFFF's ingredients are when released to unprotected water sources and even treatment plants.

(ii) 1960s: AFFF's Environmental Hazards Are Reinforced

128. By the early 1960s, 3M understood that PFAS are stable, persist in the environment, and do not degrade.

129. DuPont company scientists issued internal warnings about the toxicity associated with their PFOA as early as 1961.

---

[2] Simons, J.H., Fluorocarbons and Their Production. Fluorine Chemistry, 1(12): 401-422, 1950, available at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3008.pdf.

130. One 3M employee wrote in 1964: "This chemical stability also extends itself to all types of biological processes; there are no known biological organisms that are able to attack the carbon-fluorine bond in a fluorocarbon."[3] Thus, 3M knew by the mid-1960s that its surfactants were immune to chemical and biological degradation in soil and groundwater.

131. DuPont Toxicology Section Chief opined that such products should be "handled with extreme care," and that contact with the skin should be "strictly avoided."

132. By at least the end of the 1960s, additional research and testing performed by 3M and DuPont indicated that fluorosurfactants, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

(iii) <u>1970s: International Studies Provide Additional Evidence of Environmental and Health Risks</u>

133. In 1970, the authors of a scientific journal article observed after conducting tests on a 3M product containing PFAS that the product was "highly derogatory to marine life and the entire test program had to be abandoned to avoid severe local stream pollution."

134. Studies undertaken by 3M in the 1970s demonstrated that PFAS were even "more toxic than was previously believed."

135. An internal memorandum from 3M in 1971 states that "the thesis that there is 'no natural sink' for fluorocarbons obviously demands some attention."[4] Hence, 3M understood at the very least that the PFAS fluorosurfactants used in its AFFF products would, in essence, never degrade once released into the environment.

---

[3] Bryce, H.G., Industrial and Utilitarian Aspects of Fluorine Chemistry, (1964), available at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3022.pdf.

[4] Memorandum from H.G. Bryce to R.M. Adams re : Ecological Aspects of Fluorocarbons, Sept. 13, 1971, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1088.pdf.

136. By the mid-1970s, 3M and Ansul (and possibly other Defendants) had an intimate understanding of the persistent nature of PFAS. A 1976 study, for example, observed no biodegradation of FC-95, the potassium salt of PFOS; a result 3M characterized as "unsurprising" in light of the fact that "[b]iodegradation of FC-95 is improbable because it is completely fluorinated."[5]

137. In 1977, Ansul authored a report titled "Environmentally Improved AFFF," which acknowledged that releasing AFFF into the environment could pose potential negative impacts to groundwater quality.[6] Ansul wrote: "The purpose of this work is to explore the development of experimental AFFF formulations that would exhibit reduced impact on the environment while retaining certain fire suppression characteristic . . . improvements [to AFFF formulations] are desired in the environmental area, i.e., development of compositions that have a reduced impact on the environment without loss of fire suppression effectiveness." Thus, Ansul knew by the mid-1970s that the environmental impact of AFFF needed to be reduced, yet there is no evidence that Ansul (or any other Defendant) ever pursued such initiatives.

138. A 1978 study by 3M on PFAS and PFOA confirmed that "these chemicals are likely to persist in the environment for extended periods unaltered by microbial catabolism."

139. In 1978, based on information DuPont received from 3M about elevated and persistent fluorine levels in workers exposed to PFOA, DuPont initiated a plan to review and monitor the health conditions of potentially exposed workers to assess whether any negative

---

[5] Technical Report Summary, August 12, 1976 [3MA01252037].
[6] Ansul Co., Final Report: Environmentally Improved AFFF, N00173-76-C-0295, Marinette, WI, Dec. 13, 1977, *available at* https://apps.dtic.mil/dtic/tr/fulltext/u2/a050508.pdf.

health effects could be attributed to PFOA exposure. This monitoring plan involved obtaining blood samples from the workers and analyzing them for the presence of fluorine.

140. By 1979, DuPont's blood sample data indicated workers exposed to PFOA had significantly higher incidence of health issues than unexposed workers. DuPont did not report these data or the results of its workers health analysis to any government agency or community.

141. In 1979, a 3M scientist recognized that PFAS posed a cancer risk because they are "known to persist for a long time in the body and thereby give long-term chronic exposure."

142. That same year, 3M and DuPont discussed 3M's discovery of PFOA in the blood of its workers and came to the same conclusion that there was "no reason" to notify the EPA of its finding.[7]

143. In the 1970s, 3M began a major program to review personnel handling of fluorochemicals. 3M's monitoring confirmed that fluorochemicals could bioaccumulate.

(iv) <u>1980s and 1990s: Evidence of AFFF Health Risks Compound</u>

144. By at least the end of the 1980s, additional research and testing performed by Defendants, including at least 3M and DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA. These data were not published, provided to government entities as required by law, or otherwise publicly disclosed.

145. In 1980, DuPont internally confirmed that PFOA "is toxic," that humans accumulate PFOA in their tissue, and that "continued exposure is not tolerable." Not only did

---

[7] Memorandum from R.A. Prokop to J.D. Lazerte re: Disclosure of Information on Levels of Fluorochemicals in Blood, July 26, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2723.pdf.

DuPont know PFOA accumulates in human tissue, but it was also aware that PFOA could cross the placenta from an exposed mother to her gestational child.

146. In 1981, DuPont tested for and found PFOA in the blood of female plant workers in Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[8]

147. A subsequent rat study in 1982 which DuPont reported to the EPA showed PFOA crossing the placenta and presence in the maternal blood, DuPont concealed these results of internal studies from its own plant workers.

148. No later than 1984, DuPont was aware that PFOA is also biopersistent.

149. DuPont had long been aware that PFAS it released, and was releasing, from its facilities were leaching into groundwater used for public drinking water.

150. In 1984, after obtaining data on these releases and the consequent contamination near DuPont's plant in West Virginia, DuPont held a meeting at its corporate headquarters in Wilmington, Delaware, to discuss health and environmental issues related to PFOA (*hereinafter* the "1984 Meeting").

151. DuPont employees who attended the 1984 Meeting discussed available technologies that were capable of controlling and reducing PFOA releases from its manufacturing facilities, as well as potential replacement materials.

152. DuPont chose not to use either available technologies or replacement materials, despite full knowledge of PFOA's toxicity.

---

[8] C-8 Blood Sampling Results, *available at* http://tiny.cc/v8z1mz.

153. During the 1984 Meeting, DuPont employees in attendance spoke of the PFOA issue as "one of corporate image, and corporate liability."

154. They also stated that the "legal and medical [departments within DuPont] will likely take the position of total elimination" of PFOA use in DuPont's business, and that these departments had "no incentive to take any other position."

155. In 1984, 3M documented a trend of increasing levels of PFOS in the bodies of 3M workers, leading one of the company's medical officers to warn in an internal memo: "we must view this present trend with serious concern. It is certainly possible that . . . exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body."[9]

156. A 1997 MSDS for a non-AFFF product made by 3M listed its only ingredients as water, PFOA, and other perfluoroalkyl substances and warned that the product includes "a chemical which can cause cancer." The MSDS cited "1983 and 1993 studies conducted jointly by 3M and DuPont" as support for this statement. On information and belief, the MSDS for 3M's AFFF products did not provide similar warnings or information.

157. By at least the end of the 1990s, additional research and testing performed by Defendants manufacturing and/or using PFAS materials, including at least 3M, DuPont, and Dynax Corporation, indicated that at least one such PFAS material, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver and pancreatic) in a second chronic cancer.

---

[9] Memorandum from D.E. Roach to P.F. Riehle re: Organic Fluorine Levels, Aug. 31, 1984, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1313.pdf.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 33 of 71

(v) Defendants Hid a Known Toxic Chemical from the Government and the Public

158. The potential loss of tremendous profits from PFAS drove 3M to engage in a deliberate campaign to influence the science related to PFAS and, according to internal company documents, to conduct scientific "research" that it could use to mount "[d]efensive [b]arriers to [l]itigation."

159. A key priority of an internal 3M committee was to "[c]ommand the science" concerning the "exposure, analytical, fate, effects, human health and ecological" risks posed by PFAS and for 3M to provide "[s]elective funding of outside research through 3M 'grant' money."

160. In exchange for providing grant money to friendly researchers, 3M obtained the right to review and edit the drafts of papers on PFAS and sought control over whether and when these papers were published at all.

161. Under pressure from the EPA, on May 16, 2000, 3M announced it would phase out production of two synthetic chemicals, PFOS and PFOA, that it had developed more than fifty years earlier. 3M press release, "3M Phasing Out Some of Its Specialty Materials", May 16, 2000.

162. 3M, who was the predominant manufacturer of AFFF, ceased production of PFOS based AFFF in 2002.[10]

163. An EPA internal memo on the day of 3M's phase-out announcement stated: "3M data supplied to EPA indicated that these chemicals are very persistent in the environment, have a strong tendency to accumulate in human and animal tissues and could potentially pose a risk to human health and the environment over the long term. [PFOS] appears to combine Persistence,

[10] http://www.chemicalindustryarchive.org/dirtysecrets/scotchgard/pdfs/226-0641.pdf#page=1, last accessed 9.22.20.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 34 of 71

Bioaccumulation, and Toxicity properties to an extraordinary degree." EPA internal memo, "Phaseout of PFOS", May 16, 2000.[11]

164. In contrast, 3M's news release insisted that "our products are safe" while extolling their "principles of responsible environmental management" as driving the cessation of production.[12]

165. In 2001, the Firefighting Foam Coalition (*hereinafter* "FFFC"), an AFFF trade group, was formed to advocate for AFFF's continued viability on behalf of the Defendants. DuPont, which as described above had extensive knowledge about the toxicity associated with PFAS, was a member of the FFFC along with many other AFFF manufacturers, including Ansul, Buckeye, Chemguard, and Dynax.[13] Through their involvement in the FFFC, as well as a variety of other trade associations and groups, Defendants shared knowledge and information regarding PFOA, PFOS, and other PFAS in AFFF. The FFFC and Defendants worked together to protect AFFF from scrutiny.

166. The FFFC's efforts were designed to shield its members and the AFFF industry, Defendants, from the detrimental impact of the public and regulators learning about the harms of PFOA to human health and the environment. FFFC regularly published newsletters and attended conferences bolstering their AFFF products. Their close cooperation included messaging on PFOA's toxicological profile. Coordinated efforts by the FFFC and Defendants were meant to dispel concerns about the impact AFFF has on the environment and human health. The FFFC

---

[11] http://www.chemicalindustryarchive.org/dirtysecrets/scotchgard/pdfs/226-0629.pdf#page=2n, last accessed 9.22.20.
[12] http://www.chemicalindustryarchive.org/dirtysecrets/scotchgard/pdfs/226-0641.pdf#page=1, last accessed 9.22.20.
[13] Fire Fighting Foam Coalition, Fact Sheet on AFFF Fire Fighting Agents, P62888 AFFF Fact Sheet (Page 1) (ewg.org) (listing founding members of the FFFC).

and Defendants worked in concert to conceal known risks of their AFFF from the government and public.

167. DuPont's Epidemiology Review Board (*hereinafter* "ERB") repeatedly raised concerns about DuPont's statements to the public that there were no adverse health effects associated with human exposure to PFOA. For example, in 2006, the ERB "strongly advise[d] against any public statements asserting that PFOA does not pose any risk to health" and questioned "the evidential basis for [DuPont's] public expression asserting, with what appears to be great confidence, that PFOA does not pose a risk to health."

168. In the 1970s, Defendants began making AFFF with PFAS and toxic PFAS components used in AFFF other than PFOS and PFOA, including shorter carbon chain PFAS. Upon information and belief, those other PFAS are also highly soluble, persistent, bio-accumulative, and toxic to humans.

169. AFFF was sold and delivered to La Crosse by Defendants. Thereafter, AFFF was stored, used, released, discharged, and disposed of at and around LSE, and has caused PFAS contamination in Plaintiff's soil and groundwater. For instance, PFAS have been detected in groundwater samples collected from the Plaintiff's water supply wells.

170. The Defendants continued to manufacture, sell, and/or distribute AFFF, and its toxic PFAS components, to La Crosse and used at LSE after it knew of AFFF's nature and toxicity.

171. The concentrations of PFAS found in the wells throughout the Town have been caused by releases of Defendants' AFFF to the environment at and around LSE. As was reasonably foreseeable by Defendants, fire training, fire response, and other uses of AFFF occurred on, and/or resulted in discharges to, open ground and stormwater systems. As was reasonably foreseeable by Defendants, AFFF, and its toxic PFAS components, migrated into and through the soil and

groundwater and from there migrated to and contaminated soil and groundwater on or beneath property owned and operated by the Plaintiff and contaminated the supply for Plaintiff's and its citizens' groundwater, water supply, water systems, sewer systems, piping, soil, and other property. PFAS contamination in the Town is therefore directly caused by Defendants' manufacture, sale, and/or distribution of AFFF and its toxic components.

172. It was reasonably foreseeable to Defendants that the Plaintiff's and its citizens' property interests would be damaged by PFAS contamination resulting from releases of AFFF at and around LSE.

173. Defendants knowingly manufactured, sold, and/or distributed a dangerous and defective product, failed to provide sufficient warnings, and failed to recall their products when they took them off the market and/or knew them to present a hazard to human health.

174. Non-PFAS based products were available for fire training and firefighting that would not have led to contamination of Plaintiff's and its citizens' property, including its groundwater wells and water supplies.

**DuPont's Spinoff of Chemours**

175. In February 2014, E.I. DuPont formed The Chemours Company as a wholly-owned subsidiary.

176. In July 2015, E.I. DuPont used Chemours to spin off its "performance chemicals" business line.

177. At the time of the spinoff, the performance chemicals division consisted of E.I. DuPont's Titanium Technologies, Chemical Solutions and Fluorochemicals segments (the "Performance Chemicals Business").

178. Until the spinoff was complete, Chemours was a wholly owned subsidiary of E.I. DuPont. Although Chemours had a separate board, the board was controlled by E.I. DuPont employees.

179. Prior to the spinoff of Chemours, in 2005, E.I. DuPont agreed to pay $10.25 million to resolve eight counts brought by the EPA alleging violations of the Toxic Substances Control Act ("TSCA") and the Resource Conservation and Recovery Act ("RCRA") concerning the toxicity of PFAS compounds. At the time, it was the largest such penalty in history. E.I. DuPont also promised to phase out production and use of PFOA by 2015.

180. Also, in 2005, E.I. DuPont settled a class action lawsuit filed on behalf of 70,000 residents of Ohio and West Virginia for $141 million. Under the terms of the 2005 class action settlement, E.I. DuPont agreed to fund a panel of scientists to determine if any diseases were linked to PFOA exposure, to filter local water for as long as C-8 concentrations exceeded regulatory thresholds, and to set aside $235 million for ongoing medical monitoring of the affected community. After 8 years, the C-8 Science Panel found several significant diseases, including cancer, linked to PFOA.

181. Once the spinoff was complete, seven new members of the Chemours board were appointed, for an eight-member board of directors of the new public company.

182. The new independent board appointed upon the completion of the spinoff did not take part in the negotiations of the terms of the separation.

183. In addition to the transfer of assets, Chemours accepted broad assumption of liabilities for E.I. DuPont's historical use, manufacture, and discharge of PFAS, although the specific details regarding the liabilities that Chemours assumed are set forth in the non-public schedules.

184. Within the publicly available information about the transfer is the fact that Chemours agreed to indemnify E.I. DuPont against, and assumed for itself, all "Chemours Liabilities," which is defined broadly to include, among other things, "any and all liabilities relating," "primarily to, arising primarily out of or resulting primarily from, the operation of or conduct of the [Performance Chemicals] Business at any time."

185. Chemours agreed to indemnify E.I. DuPont against and assume for itself the Performance Chemical Business's liabilities regardless of: (i) when or where such liabilities arose; (ii) whether the facts upon which they are based occurred prior to, on, or subsequent to the effective date of the spinoff; (iii) where or against whom such liabilities are asserted or determined; (iv) whether arising from or alleged to arise from negligence, gross negligence, recklessness, violation of law, fraud, or misrepresentation by any member of the DuPont group or the Chemours group; and (v) which entity is named in any action associated with any liability.

186. Chemours agreed to indemnify E.I. DuPont from, and assume all, environmental liabilities that arose prior to the spinoff if they were "primarily associated" with the Performance Chemicals Business.

187. Such liabilities were deemed "primarily associated" if E.I. DuPont reasonably determined that 50.1% of the liabilities were attributable to the Performance Chemicals Business.

188. Chemours also agreed to use its best efforts to be fully substituted for E.I. DuPont with respect to "any order, decree, judgment, agreement or Action with respect to Chemours Assumed Environmental Liabilities."

189. In addition to the assumption of such liabilities, Chemours also provided broad indemnification to E.I. DuPont in connection with these liabilities, which are uncapped and does not have a survival period.

190. The effect of the creation of Chemours was to segregate a large portion of E.I. DuPont's environmental liabilities, including liabilities related to its PFAS chemicals and products.

191. The consolidation of E.I. DuPont's performance chemical liabilities has potentially limited the availability of funds arising out of E.I. DuPont's liability.

192. As Chemours explained in its November 2016 SEC filing: "[s]ignificant unfavorable outcomes in a number of cases in the [Ohio] MDL could have a material adverse effect on Chemours consolidated financial position, results of operations or liquidity."

193. At the time of the transfer of its Performance Chemicals Business to Chemours, E.I. DuPont had been sued, threatened with suit and/or had knowledge of the likelihood of litigation to be filed regarding E.I. DuPont's liability for damages and injuries from the manufacture of PFAS compounds and products that contain PFAS compounds.

**The Use, Storage, Release, Discharge, and Disposal of PFAS from Firefighting Foam at La Crosse Regional Airport Has Contaminated the Plaintiff's and its Citizens' Water Supply**

194. La Crosse began purchasing and using AFFF containing PFAS at LSE in about 1970.

195. LSE used and released AFFF containing PFAS in and around the airport. LSE's use and release of spent AFFF, and its toxic components, has included, but is not limited to, releases and discharges into soil and water pathways that connect to Plaintiff's and its citizens' groundwater, water supply, water systems, sewer systems, piping, soil, and other property.

196. Throughout the next fifty years AFFF containing PFAS was used and released from LSE or otherwise from La Crosse employees onto lands and/or water in the vicinity of the Town. Such PFAS discharges have resulted in infiltration of soil and have seeped into groundwater and water supplies throughout French Island, including the Town.

197. For instance, testing, training, exercises, and fire response activities occurred on open ground at LSE causing AFFF waste containing PFAS to drain into groundwater, surface waters, wetlands, ponds, ditches, and wells.

198. AFFF, and its toxic PFAS components, discharged to soil, surface waters, wetlands, and ponds have migrated into groundwater and contaminated the Plaintiff's and its citizens' groundwater, water supply, water systems, sewer systems, piping, soil, and other property and exposed Plaintiff's citizens to PFAS-contaminated water.

199. Plaintiff was informed of the PFAS contamination crisis on French Island on October 9, 2020, through a letter sent to the Town by La Crosse. The Town was informed that PFAS testing in La Crosse had detected elevated PFOA and PFOS contamination in the La Crosse wells 23 and 24 and groundwater less than 1/3 of a mile from the Town's property.

200. As of January 12, 2021, La Crosse reported to the public that it had completed PFAS testing of well water samples from 109 private wells, with 108 of said wells testing positive for PFAS.

201. Months later, proof of French Island's pervasive contamination was reinforced. As of June 2021, 538 private wells on French Island tested positive for PFAS contamination.

202. Widespread contamination led WDHS to declare an emergency water advisory for the area in March 2021.

**Specific Release, Discharge, Disposal and Storage at La Crosse Regional Airport**

203. Studies have preliminarily identified groundwater, surface water, and soil pathways where PFAS from AFFF used on and around LSE was and is migrating, into the Plaintiff's and Plaintiff's citizens' groundwater, water supply, water systems, sewer systems, piping, soil, and other property.

204. Initial Site Investigation Work Plan submitted to by La Crosse to WDNR have identified five potential source areas of PFAS contamination on French Island originating on LSE property: (1) Former Test Burn Pits: (2) a 1997 Fuel Spill, where AFFF was applied over the spilled jet fuel; (3) AFFF Test Area, where AFFF was discharged while annually collecting FAA-required sampled from firefighting equipment; (4) Former Fire Station, where AFFF was stored and transferred into firefighting equipment; and (5) 2001 Crash site, where AFFF was applied to wreckage. While these were the preliminarily identified sites, subsequent information indicates additional releases and discharges of AFFF occurred in LSE operation.

205. La Crosse and/or LSE created test burn pits in an area northwest of what is presently designated runway 22, east of runway 18, and north of runway 31. Firefighting training using AFFF was conducted at test burn pits at LSE from the 1970s through approximately 1988.

206. In or about January 1997, a jet fuel spill occurred near an LSE terminal and LSE firefighters applied AFFF to the spilled jet fuel.

207. Over an approximately twenty-year period the City of La Crosse and/or LSE conducted nozzle testing using AFFF in a test area northwest of the LSE fire station.

208. For years, AFFF was stored in the former LSE fire station, where firefighters transported AFFF from the fire station into their equipment.

209. In June 2001, a jet aircraft crashed at the LSE, resulting in a fire. The LSE Fire Department owned and operated by La Crosse responded to the crash and sprayed AFFF fire-fighting foam at the crash site.

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 42 of 71

210. An April 2021 Interim Site Investigation Report revised the above list to include a December 1, 2020, event when an AFFF solution was released from emergency response equipment by LSE personnel on or around a terminal apron.

211. The Interim Site Investigation listed the above "confirmed sources" along with several "potential sources." Including:

(a) Citizens reports that during the 1970s practice burn activities occurred near Fisherman Road (just outside the airport).

(b) An aircraft crash on or about November 9, 1970, at 609 Dakota Street, northwest of the airport, across Lakeshore Drive. A La Crosse Tribune article, dated 11/10/1970, states, "Kenneth Kearns, La Crosse assistant fire chief, said two engines, a foam truck, a water wagon and a rescue unit answered the call." Additionally, the article states, "Dried foam covered plane wreckage like a snowy mist. Kearns said firemen didn't notice any flames, but put the foam on as a precautionary measure." A photo caption accompanying the article states, "Foam Sprayed on Wreckage By La Crosse Fire Department To Prevent Fire" and depicts firefighting foam on the wreckage and on the ground.

(c) A de-icing truck caught fire on January 3, 2014, at the terminal apron and airport fire responders and LCFD responded to the fire. Extinguishing agents used were described as "75 gallons of AFFF used and about 700 gallons of water" in the "ARFF [Aircraft Rescue and Fire Fighting] Run Report."

212. State and Local entities have not yet analyzed the extent of PFAS contamination at numerous other locations where AFFF was used and escaped into the environment, including,

but not limited to, neighborhoods along the surface and groundwater pathways from LSE to the Town.

**Release, Discharge, and Disposal of PFAS Is Contaminating the Water Supply of Plaintiff and Plaintiff's Citizens**

213. Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property are contaminated with numerous types of PFAS as a direct and proximate result of LSE's use of Defendants' AFFF.

214. Samples taken from neighborhoods throughout French Island including within the Town boundaries, toxic PFAS contamination pervades the water supply.

**PFAS including PFOA and PFOS Threaten Human Health**

215. Humans may absorb PFAS from drinking water, and PFAS accumulate primarily in the bloodstream, kidneys, and liver.

216. PFAS are extremely persistent and bioaccumulate, or builds up, in the human body.

217. Even short-term exposure results in a body burden that persists for years and can increase with continued exposure.

218. The EPA projects that PFOS has a half-life of 5.4 years, PFOA has a half-life of 2.3 – 3.8 years, and PFHxS has a half-life of 8.5 years, in humans.[14] Because of these long half- lives, the EPA expects that "it can reasonably be anticipated that continued exposure could increase body burdens to levels that would result in adverse outcomes."[15]

219. EPA Health Advisories have identified numerous health risks associated with exposure to PFAS. Studies show associations between increased PFOA and PFOS levels in

[14] A half-life is the amount of time it takes for fifty percent of the contaminant to leave the body.
[15] EPA, Long-Chain Perfluorinated Chemicals (PFCs) Action Plan, pp. 1, 8-9, December 30, 2009.

blood and an increased risk of several adverse health effects, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

220. The EPA also classified PFOA and PFOS as having suggestive evidence of carcinogenic potential in humans.[16]

221. The EPA cited reports from the Organization for Economic Co-operation and Development (*hereinafter* "OECD") in the May 2016 Health Advisories. The OECD is an international intergovernmental organization that meets, discusses issues of concern, and works to respond to international problems.

222. According to a published OECD Report, for mammalian species, PFOA and its salts have been found to cause cancer in rats and adverse effects on the immune system in mice. In addition, PFOA and its salts can display reproductive or developmental toxicity in rodents at moderate levels of exposure, and moderate to high systemic toxicity in rodents and monkeys following long-term exposure by the oral route.[17] The OECD also concluded in a Hazard Assessment that PFOS is persistent, bioaccumulative, and toxic to mammalian species.[18]

223. The EPA also cited findings from a C-8 Science Panel and Health Project in the May 2016 Health Advisory for PFOA. The C-8 Science Panel was formed out of a class action settlement related to PFOA contamination of groundwater from a manufacturing facility in West Virginia. The C-8 Health Project is the largest study evaluating human exposure and

---

[16] EPA, Health Effects Support Document for Perfluorooctanoic Acid (PFOA), p. 3-159, May 2016; EPA, Health Effects Support Document for Perfluorooctane Sulfonate (PFOS), p. 3-114, May 2016.
[17] OECD, Report of an OECD Workshop on Perfluorocarboxylic Acids (PFCAs) and Precursors, p. 21, June 18, 2007.
[18] OECD, Hazard Assessment of Perfluorooctane Sulfonate (PFOS) and Its Salts, p. 5, November 21, 2002.

health endpoints for PFOA; the study included more than 65,000 people in Mid-Ohio Valley communities who were exposed to PFOA for longer than 1 year. The C-8 Science Panel consisted of three epidemiologists and its goal was to assess the links between PFOA and numerous diseases. The C-8 Science Panel carried out a series of exposure and health studies between 2005 and 2013; information was gathered through questionnaires, blood samples from the individuals who had drinking water that was contaminated with PFOA, and review of previously published studies as part of the project.

224. The C-8 Science Panel released reports and found probable links between exposure to PFOA and six diseases: high cholesterol, ulcerative colitis, thyroid disease, testicular cancer, kidney cancer, and pregnancy-induced hypertension.

225. The U.S. Agency for Toxic Substances and Disease Registry (*hereinafter* "ATSDR") stated in its 2018 draft Toxicological Profile that studies suggest associations between PFOA and PFOS exposure and liver damage, pregnancy-induced hypertension, increased cholesterol, increased risk of thyroid disease, increased risk of asthma, increased risk of decreased fertility, low birth weight, and increases in testicular and kidney cancers.

226. In February 2018, WDNR stated that PFAS compounds meet the definition of hazardous substances and/or environmental pollution under Wis. Stat. §292.01.

227. As a direct and proximate result of the Defendants' manufacture, sale, and/or distribution of AFFF and its toxic PFS chemicals, mixtures of at least PFOA and PFOS have been found in sampling of French Island and Campbell groundwater wells.

228. Defendants knew or should reasonably have known about the health effects from PFAS at the time they developed, manufactured, marketed, sold, and/or distributed AFFF to airports around the United States, including LSE.

**PFAS, Including PFOA and PFOS, Pose a Threat to the Groundwater Relied on by Plaintiff and Plaintiff's Citizens**

229. PFAS are extremely persistent in the environment because they are chemically and biologically stable and are resistant to environmental degradation. The EPA projects that PFOS has a half-life in water of over 41 years, and PFOA has a half-life in water of over 92 years. And, "PFOA and PFOS are considered to be resistant to degradation in soil."[19]

230. PFAS also are particularly mobile in soil and water, readily absorbed into groundwater, and can migrate across long distances.

231. PFOS, PFOA, and other PFAS in AFFF are known toxic substances. PFOA is persistent and causes adverse effects in laboratory animals and humans, including cancer and developmental and systemic toxicity. PFOS is persistent, bioaccumulative, and toxic to mammalian species. PFOS is linked to developmental, reproductive, and systemic toxicity.

232. PFOA is also readily absorbed by plants, including wild plants as well as crops grown on contaminated soil and bioaccumulates in the food chain.

233. Upon information and belief, Defendants knew or should reasonably have known about the environmental effects from AFFF, and its toxic components, at the time they developed, manufactured, marketed, sold, and/or distributed AFFF.

**The Threats Caused by Defendants' AFFF are Ongoing**

234. Exposure toxic PFAS components from AFFF manufactured, sold, and/or distributed by Defendants is not contained and continues to spread into Plaintiff's and its citizens' property and groundwater, water supply, water system, sewer system, piping, soil.

235. If Plaintiff's and its citizens' PFAS contaminated groundwater, watery supply, water systems, sewer systems, piping, wells, soil, and other property are not mitigated, PFAS

[19] EPA, Long-Chain Perfluorinated Chemicals (PFCs) Action Plan, p. 1, December 30, 2009.

contamination caused by Defendants' AFFF will continue to impact Plaintiff's and its citizens' property and water far into the future because PFAS resist degradation and are persistent and mobile in water and soil.

**Plaintiff Has Been Damaged by Defendants' Actions**

236. PFAS have been detected in over three hundred wells on French Island. The impact of this widespread contamination caused by the Defendants' tortious conduct has had and will continue to have detrimental impacts on the safety and welfare of the Plaintiff and its citizens.

237. Plaintiff has been and is being invaded by toxic PFAS caused by LSE's releases of Defendants' AFFF, that were designed, manufactured, sold, and/or distributed by Defendants.

238. AFFF sold by Defendants to LSE was used in an intended and foreseeable manner, released onto LSE property, and thereafter migrated into surrounding groundwater and physically intruded onto and into Plaintiff's property including its groundwater, waters supply, water systems, sewer systems, piping, soil, and other property. Contamination of Plaintiff's groundwater supply caused by Defendants AFFF containing PFAS has interfered with Plaintiff's right to use their groundwater and water supplies.

239. It was reasonably foreseeable that releases of Defendants AFFF, and its toxic PFAS components, would migrate to Plaintiff's and its citizens' property and physically intrude onto, damage, and contaminate those properties including, but not limited to, Plaintiff's groundwater, water supply, water systems, sewer system, piping, soil, and other property. Releases of Defendants' AFFF, and its toxic PFAS components, has invaded and interfered with Plaintiff's possessory interest in the use of their properties, groundwater, and water supplies.

240. Plaintiff was informed of the PFAS contamination crisis on French Island caused by Defendants' AFFF, including La Crosse municipal wells and groundwater samples near LSE, on October 9, 2020, through a letter sent to the Town by La Crosse. La Crosse's notification informed the Plaintiff that significant PFAS tests of sources near LSE needed to be completed given the PFAS contamination that had already been detected.

241. Prior to learning of the PFAS contamination crisis caused by Defendants' AFFF, the Plaintiff used, owned, and operated wells that provided water for at: (1) Nelson Park; (2) Plainview Park; (3) Campbell Community Center; (4) Fire Point near Plain View Park; (5) Campbell Library; (6) Campbell Town Hall Complex; (7) Campbell Town Hall Fire Department Well; and (8) Fire Point at Lakeshore Drive.

242. Due to the pervasive AFFF contamination in the Town it cannot reasonably, and does not, rely on any of its wells to provide safe potable water for the Plaintiff and its citizens.

243. The Nelson Park Well has been locked to avoid human contact, consumption, and contamination.

244. The Plainview Park Well has been locked to avoid human contact, consumption, and contamination.

245. Campbell Community Center, Town Hall Complex, and Library Wells are used only for non-potable purposes, including restrooms and washing dishes. All drinking water stations are disconnected and marked with PFAS contamination warnings.

246. Campbell Town Hall Fire Department Well remains in use for Fire Department needs but its use has and would spread toxic PFAS back into the Towns groundwater.

247. Plaintiff has disconnected all water fountains that take their supply from these

wells to ensure no one will contact, consume, or become contaminated by the toxic water.

248. Prior to learning of PFAS contamination crisis caused by Defendants' AFFF, Plaintiff's citizens used and relied on groundwater to supply water for household uses, including consumption.

249. Plaintiff's and its citizens' property have been and are being exposed to PFAS contaminating the Town's soil, groundwater, water supply, water systems, sewer systems, piping, soil, and other property caused by Defendants' AFFF, and its toxic PFAS components. As a direct and proximate result of AFFF releases containing PFAS, Plaintiff has incurred losses including, but not limited to, those identified below.

250. As a direct result of the contamination caused by AFFF, and its toxic PFAS components, Plaintiff has incurred diminution in value and deferred marketability of its property and will incur costs to mitigate contamination of Plaintiff's property.

251. As a result of the contamination of property in and about the Town, Plaintiff has incurred significant losses. Value of Plaintiff's and its citizens' property has been substantially and adversely affected, as has their inability to use their property. Additionally, Plaintiff has been severely affected by the necessary and reasonable actions it has been, and continues to be, required to take to address and respond to the toxic PFAS contamination crisis caused by Defendants' AFFF and provide its citizens with a safe water supply.

252. After immediate initial tests conducted to determine the level of contamination, the Town conducted tests six months later by which time the level of PFAS contamination had doubled. The cost of Plaintiff's PFAS tests has exceeded $1,200.

253. In response to toxic PFAS contamination caused by Defendants' AFFF which necessitated Plaintiff's disconnecting access to its wells and water supplies, Plaintiff has been

forced to establish alternate water supplies at its public facilities including the Campbell Library, Campbell Town Hall Complex, and Campbell Police Department. Costs of sustaining an alternative water supply at these public facilities has exceeded $1,000.

254. Due to the PFAS contamination crisis caused by Defendants' AFFF, Plaintiff has stopped using its wells to fulfill the community's potable water requirements at those locations. Plaintiff has also directed its citizens that consumption of water from their wells is unsafe due to pervasive PFAS contamination on French Island caused by releases of Defendants' AFFF at LSE.

255. Plaintiff and its citizens are now forced to rely on alternative sources of water, including five-gallon water bottles transported into the community. Plaintiff's staff has been and continues to be responsible for distributing delivered water to its citizens. Plaintiff's staff would not have been forced to expend such time and resources but for the toxic PFAS contamination of the Town's groundwater caused by Defendants' manufacture, sale, and/or distribution of toxic AFFF.

256. Since October 2020, when Plaintiff learned of the PFAS contamination caused by releases of Defendants' AFFF from LSE, Plaintiff's employees have confronted the PFAS contamination crisis with all possible time, attention, resources, and money. Plaintiff's staff have been forced to spend the last three years working to: (1) inform the public about PFAS contamination in their wells; (2) cease use and operation of all existing wells owned and operated by the Plaintiff; (3) identify, devise, and implement short-term water supply solutions; and (4) identify, devise, and implement long-term water supply solutions. Absent Defendants' tortious manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components,

products they knew or should have known to be toxic to human health, Plaintiff would not have been forced to undertake, and incur the costs of, these contamination response measures.

257. Plaintiff has suffered costs of approximately $500 in order provide public notices to ensure its citizens were made aware of the PFAS contamination crisis that has made the use of their water a health risk. Plaintiff will continue to incur such costs to ensure its citizens are updated on the Town's PFAS contamination crisis.

258. Immediately upon learning of the PFAS contamination of its citizens' wells caused by Defendants' AFFF, Plaintiff began expending resources to ensure the public was informed about the dangers presented by PFAS contamination from releases of Defendants' AFFF at and around LSE that have migrated to wells throughout the Town. To achieve this necessary objective, Plaintiff's staff allocated time and resources to: mail citizens letters with PFAS information; plan, convene, and host town hall events to inform citizens about PFAS dangers and preventative measures to protect their health and safety; respond to citizens' phone calls; ensure citizens with inquiries about contamination were given adequate attention and answers; and otherwise lost valuable staff time addressing the contamination. Dedicating time to each of the above tasks has been additional to the Plaintiff's ordinary operating requirements and caused the Plaintiff to incur increased payroll expenses and other expenditures since 2021 which exceed $250,000. Plaintiff will be forced to continue incurring such costs to ensure its citizens are apprised of the ongoing crisis the Town faces, Plaintiff would not have incurred these costs but for the Defendants' tortious conduct.

259. As a short-term response mechanism to provide safe water to Plaintiff's citizens, Plaintiff's staff allocated their time to devise and implement a strategy to disburse five semi-

truck loads of water bottles purchased by outside entities, totaling 193,536 bottles, to more than 4,000 affected residents.

260. Plaintiff also immediately began to direct the Town's time and resources to test all possible wells to determine the scope of the PFAS contamination crisis Defendants' AFFF had caused and which they were confronting.

261. Each of these necessary measures taken by Plaintiff has caused it to incur extraordinary operating costs and lost time and the Town will continue to incur such additional costs as it copes with the ongoing PFAS crisis.

262. PFAS are damaging and will continue to damage Plaintiff's and its citizens' groundwater, water supply, water systems, sewer systems, piping, soil, and other property because they will persist for decades in water and soil and are bioaccumulating in plants and organisms.

263. Over the long-term, Plaintiff is faced with the prospect of mitigating the contamination of its wells. Plaintiff has been forced to locate and initiate plans to construct an entirely new water infrastructure to safely service not only the locations it previously maintained, but also the neighborhoods throughout the Town which no longer have access to safe drinking water.

264. To identify and implement long-term solutions to the PFAS crisis, the Plaintiff incurred time and engineering costs, has communicated with WDNR and other government bodies, incurred costs of lost time to obtain permits and approval of well designs to test an alternate aquifer to the PFAS-contaminated aquifer Plaintiff had previously relied upon. Plaintiff then contracted with an engineer to conduct well tests to determine the capacity and quality of the alternate aquifer's water supply to support construction of a new water system.

As of the present date, Plaintiff has spent over $230,000 on costs to engineer a new well. Plaintiff would not have incurred these costs but for Defendants' tortious conduct in design, manufacture, sale, and/or distribution of AFFF containing toxic PFAS components.

265. Plaintiff has incurred costs exceeding $1,500 obtaining WDNR approval for appraisals, permits, and plans to safely dispose of the water discharged in digging the new well.

266. Plaintiff has also obtained a range of estimates for the cost of constructing a water system throughout the Town to ensure both Plaintiff and its citizens are not exposed to PFAS contamination of their water supplies caused by Defendants' AFFF. Construction of entirely water supply and water treatment infrastructure will be costly and necessary. Based on engineer estimates for replacement of distribution systems, meter replacement, water storage replacement, operation and maintenance expense, and engineer compensation, ensuring safe drinking water for Plaintiff and its citizens would cost the Town in excess of $50 million dollars. Plaintiff would not be forced to incur these costs but for Defendants' tortious conduct in designing, manufacturing, selling, and/or distributing AFFF which was the direct and proximate cause of the present PFAS contamination of Plaintiff's and its citizens' water supplies.

267. Plaintiff has also obtained estimates for the cost of constructing a sewer system throughout the Town to ensure both Plaintiff and its citizens are not exposed to PFAS contamination of their water supplies caused by Defendants' AFFF. Construction of entirely sewer will be costly and necessary. Based on engineer estimates for replacement of the sewers and lift station ensuring there is a safe sewer infrastructure for Plaintiff and its citizens would cost the town in excess of $40 million. Additionally, the Town would incur costs exceeding

$35 million in street repairs before and after the removal and replacement of such sewer systems. Plaintiff would not be forced to incur these costs but for the Defendants' tortious conduct in designing, manufacturing, selling, and/or distributing AFFF which was the direct and proximate cause of the present PFAS contamination of Plaintiff's and its citizens' water supplies.

268. The Town's PFAS contamination caused by Defendants' AFFF prevents Plaintiff and its citizens from fully utilizing the Town property, including its groundwater and wells. As a result of PFAS contamination of the community water supply, Plaintiff has suffered and will continue to incur costs that it is neither responsible for nor able to afford.

269. As a direct result of Defendants' conduct and the resulting PFAS contamination, the value and marketability of Plaintiff's and its citizens' property and property rights have been and will continue to be diminished. Plaintiff has suffered and will continue to suffer the need for mitigation of its property, including contamination mitigation through filters and/or alternative water supplies, and costs of restoring, using, and maintaining an uncontaminated water supply.

270. Plaintiff's soil, groundwater, water supply, water systems, sewer systems, wells, piping, soil, and other property have been, and continue to be, contaminated in varying amounts, as a result of AFFF, and its toxic PFAS components, manufactured, sold, and/or distributed by Defendants, causing Plaintiff significant losses.

271. It was and is reasonably foreseeable to Defendants that the property interests of the Plaintiff's and its citizens' property owners and residents would be damaged by contamination resulting from releases of AFFF, and its toxic PFAS components, at LSE.

272. Because precise identification of the specific manufacturer of any given AFFF

that was the source of PFAS found in Plaintiff's supply wells is difficult, Plaintiff must pursue all Defendants, jointly and severally, for those indivisible losses which Defendants have caused Plaintiff to incur.

273. Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of AFFF, including its toxic PFAS components, to profit from the use of AFFF containing PFAS, at Plaintiff's expense, to foreseeably contaminate Plaintiff's water supplies, and to attempt to avoid liability for such contamination of the groundwater.

274. Enterprise liability attaches to all Defendants and the liability of each should be assigned according to its percentage of liability for AFFF, and its toxic PFAS components, at issue in this Complaint. Each of these Defendants participate in a state-wide and national market for AFFF, and its toxic PFAS components, during the relevant time.

275. Concert of action liability attaches to all Defendants, each of which participated in a common plan to commit the torts alleged herein and each of which acted tortiously in pursuance of the common plan to knowingly manufacture and sell inherently dangerous AFFF containing toxic PFAS components.

276. Enterprise liability attaches to all the named Defendants for placing defective products into the stream of commerce.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE**
(All Defendants)

277. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

278. Defendants had a duty to manufacture, market, sell, and/or distribute their AFFF,

and its toxic PFAS components, in a manner that avoided toxic PFAS contamination of the environment, including municipal and household water supplies, and avoided harm to those who would foreseeably come into contact with its AFFF and its toxic PFAS components.

279. This duty included identifying, designing, using, and manufacturing alternatives to toxic PFAS components in AFFF.

280. Given the likelihood of contamination of properties near the sites to which Defendants sold and/or distributed their AFFF, Defendants had a duty to investigate the extent to which toxic PFAS components in AFFF released from such sites were likely to contaminate Plaintiff's and its citizens properties and water supplies.

281. Defendants knew or should have known that the manufacture and use of AFFF containing PFAS was hazardous to human health and the environment.

282. Defendants further knew or should have known that it was unsafe and/or unreasonably dangerous to manufacture AFFF containing toxic PFAS components because it was highly probable that such toxic PFAS components would migrate into the environment, including the environment surrounding airports, including LSE and Plaintiff's community, persist there for decades, and contaminate groundwater used for public and household water supplies.

283. Knowing of the dangerous and hazardous properties of the PFAS contained in AFFF, Defendants had the duty to warn of the hazards of consuming water containing PFAS.

284. The losses incurred by Plaintiff were a foreseeable of caused by the Defendants' use of toxic PFAS components to manufacture AFFF which was sold and/or distributed to LSE.

285. Defendants negligently designed, engineered, developed, fabricated, and tested AFFF, and its toxic PFAS components, negligently manufactured, sold, and/or distributed AFFF, and its toxic PFAS components, and negligently created the associated warnings and

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 57 of 71

instructions. Thereby Defendants failed to exercise reasonable care to prevent AFFF, and its toxic PFAS components, from presenting an unreasonable risk of harm to the health of persons who would foreseeably come in contact with them and to prevent contamination of public and household water supplies, including Plaintiff's and its citizens' water supplies.

286. Defendants' negligent design, engineering, development, fabrication, testing, warnings, and instructions constitute a pattern of continuous and ongoing tortious conduct.

287. Upon information and belief, Defendants have and continue to engage in discrete acts of negligent design, engineering, development, fabrication, testing, warnings, and instructions.

288. Upon information and belief, Defendants have not recalled their AFFF product or its toxic PFAS components.

289. As a result of Defendants' breaches of their legal duties in manufactures, selling, and distributing AFFF, the groundwater beneath and around the Town that constitutes Plaintiff's and its citizens' groundwater supply has been and continues to be contaminated by PFAS.

290. Defendants' negligent manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, and their negligent misrepresentation and failure to warn, caused, is causing, and will continue to cause damage to Plaintiff's and its citizens' property interests due to the presence of PFAS in its water supply.

291. As a result of Defendants' negligent, reckless, and/or intentional acts and omissions alleged herein, groundwater throughout the Town has been contaminated with PFAS.

292. Defendants' acts were willful, wanton, or reckless and conducted with a reckless indifference to the rights and property of Plaintiff.

293. As a result of Defendants conduct and resulting contamination of Plaintiff's

groundwater, water supply, water systems, sewer system, well, piping, soil, and other property, by the toxic components of the Defendants' AFFF, the Plaintiff has incurred and will incur losses reflected in paragraphs 249 through 269.

**SECOND CLAIM FOR RELIEF**
**DEFECTIVE PRODUCT – FAILURE TO WARN**
(All Defendants)

294. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

295. At all times relevant, Defendants were in the business of, among other things, manufacturing, selling, and/or distributing AFFF and its toxic PFAS components.

296. As manufacturers, sellers, and/or distributors of a commercial product, the Defendants had a duty to provide adequate, full instructions and warnings about the risks of injury posed by their products.

297. Defendants knew or should have known that the foreseeable storage, use, release, and disposal of AFFF, and its toxic PFAS components, that they manufactured, sold, and/or distributed to the airports across the United States, including LSE, would enter the groundwater, water supplies, water systems, sewer systems, piping, soil, and other property, persist there for decades, and to cause risk to human health and the environment and harm to property, including to Plaintiff and its citizens.

298. At the time of the design, manufacture, sale, and/or distribution of the AFFF, and its toxic PFAS components, Defendants knew or should have known of the dangerous properties of AFFF which contained PFAS.

299. Upon information and belief, the Defendants failed to provide sufficient instructions and warnings to the users of AFFF, including LSE, that use and release of

Defendants' AFFF, and its toxic PFAS components, to the environment would result in the contamination of groundwater, including drinking water supplies, and risks to those exposed to the water supplies.

300. Upon information and belief, the Defendants failed to provide adequate instructions and warnings to AFFF users of the dangers to human health and the environment if AFFF containing toxic PFAS was permitted to contaminate the groundwater and soil.

301. Upon information and belief, the Defendants hid the dangers of AFFF, and its toxic PFAS components, to human health and the environment from their customers, including the LSE.

302. Defendants' failure to provide adequate instructions and warnings constitutes a pattern of continuous and ongoing tortious conduct.

303. Upon information and belief, Defendants have and continue to fail to provide adequate instructions and warnings.

304. Upon information and belief, Defendants have not recalled their AFFF product or the toxic PFAS components thereof.

305. Adequate instructions and warnings would have reduced or avoided the foreseeable risks of harm posed by the use and release AFFF and its toxic PFAS components.

306. Had Defendants provided adequate warnings, LSE would not have used AFFF containing PFAS or would have taken measures to store, use, discharge, and dispose of such AFFF in a manner that would reduce or eliminate groundwater and soil contamination by AFFF's toxic PFAS components.

307. As a direct result of Defendants' failure to warn against the likelihood of contamination from their PFAS components contained in AFFF, Plaintiff's and its citizens'

groundwater supply, household water supply, water systems, sewer systems, piping, soil, and other property have been contaminated with the AFFF's toxic PFAS components. Such contamination has caused and continues to cause loss of Plaintiff's and citizens' use and benefit of property and water rights and Plaintiff's incurrence, or reasonably certain incurrence, of costs to treat the groundwater and soil on its lands, or cost of construction of an uncontaminated water source.

308. Defendants' failure to provide adequate warnings or instructions renders Defendants' AFFF, and its toxic PFAS components, defective products.

309. As a result of Defendants' manufacture, sale, and/or distribution of defective AFFF, Defendants are strictly liable for damages to the Plaintiff.

310. Defendants' acts were willful, wanton, or reckless and conducted with a reckless indifference to the rights of Plaintiff.

311. As a result of Defendants conduct and resulting contamination of Plaintiff's soil, groundwater, water supply, water systems, sewer systems, piping, soil, and other property, by the toxic PFAS components of the Defendants' AFFF, the Plaintiff has incurred and will incur losses reflected in paragraphs 249 through 269.

**THIRD CLAIM FOR RELIEF**
**DEFECTIVE PRODUCT -- DESIGN DEFECT**
(All Defendants)

312. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

313. At all times relevant, Defendants were in the business of, among other things, manufacturing, selling, and/or distributing AFFF and its toxic PFAS components.

314. It was foreseeable that AFFF, and its toxic PFAS components, manufactured,

sold, and/or distributed by Defendants would enter the water supplies of Plaintiff and its citizens and cause damage to their property interests.

315. Alternative designs and formulations of AFFF without toxic PFAS components were available, technologically feasible, effective, and practical, and would have reduced or prevented the reasonably foreseeable risks of harm to Plaintiff.

316. Further, design, formulation, manufacture, sale, and/or distribution of AFFF containing toxic PFAS components that were so toxic, mobile, and persistent in the environment was unreasonably dangerous.

317. The AFFF, and its toxic PFS components, manufactured, sold, and/or distributed by Defendants were defective in design because the foreseeable risk of harm posed by the AFFF, and its toxic PFAS components, could have been reduced or eliminated by the adoption of a reasonable alternative design. Therefore, Defendants' continued manufacture, sale, and/or distribution of AFFF containing toxic PFAS components was unreasonably dangerous given alternative chemical structures were available, less toxic, and equally effective.

318. Defendants' AFFF, and its toxic PFAS components, were defective at the time of manufacture, sale, and/or distribution and thus defective at the time they left Defendants' control.

319. Defendants' sale and/or distribution of AFFF, and its toxic PFAS components, constitutes a pattern of continuous and ongoing tortious conduct.

320. Upon information and belief, Defendants have sold and continue to sell and/or distribute AFFF, and its toxic PFAS components, in a tortious manner.

321. Upon information and belief, Defendants have not recalled AFFF and its toxic PFAS components.

322. As a result of Defendants' manufacture, sale, and/or distribution of a defectively designed product, AFFF and its toxic PFAS components, Plaintiff's and its citizens' groundwater supply, drinking water, water systems, sewer system, piping, soil, and other property became contaminated with toxic PFAS from AFFF and caused the Plaintiff and its citizens to incur significant losses.

323. As a result of Defendants' design, formulation, manufacture, sale, and/or distribution of a defective product, AFFF and its toxic PFAS components, Defendants are strictly liable for the losses incurred by Plaintiff.

324. Defendants' acts were willful, wanton, or reckless and conducted with a reckless indifference to the rights of the Plaintiff.

325. As a result of Defendants conduct and resulting contamination of Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property, by the toxic PFAS components of the Defendants' AFFF, the Plaintiff has incurred and will incur losses reflected in paragraphs 249 through 269.

**FOURTH CLAIM FOR RELIEF**
**NUISANCE**
(All Defendants)

326. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

327. Defendants manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, constituted intentional, negligent, and/or unreasonably dangerous activity causing the unreasonable and substantial interference with the use of Plaintiff's and its citizens' groundwater, and property rights and interests.

328. Defendants knew and/or should have reasonably foreseen that the invasion of the Plaintiff's and its citizens' property interests, including its water supplies, soil, and fixtures

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 63 of 71

were substantially certain to result from the use of the AFFF as Defendants intended, including by LSE, given the toxic properties of the PFAS components in AFFF. Defendants participated to a substantial extent in the carrying on of the nuisance by its actions described above.

329. The unreasonable and substantial interference with the use of Plaintiff's property rights and interests includes, but is not limited to, PFAS contamination of groundwater, water supplies, water systems, sewer systems, piping, and soil on Plaintiff's property caused by Defendants' AFFF.

330. Plaintiff has also suffered unreasonable and substantial interference with its property rights and interests because PFAS contained in Defendants' AFFFF has contaminated the Town's water supply and as result Plaintiff has been required to obtain alternative sources of water and thereby incur incur significant losses.

331. Defendants' manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, constitutes a pattern of continuous and ongoing tortious conduct.

332. PFAS from AFFF continues to contaminate Plaintiff's properties and continue to migrate to Plaintiff's properties.

333. As a direct result of Defendants' creation of a nuisance, the groundwater supply relied upon by Plaintiff and its citizens pursuant to their property rights and interests have been, and continue to be, contaminated with PFAS from Defendants' AFFF.

334. Defendants' creation of a nuisance caused, is causing, and will continue to cause Plaintiff and its citizens substantial and unreasonable interference with its property rights.

335. Defendants' acts were willful, wanton, or reckless and conducted with a reckless indifference to the rights and property of Plaintiff.

336. As a result of Defendants' tortious conduct and resulting contamination of Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property, by the toxic PFAS components of the Defendants' AFFF, the Plaintiff has incurred and will incur losses reflected in paragraphs 249 through 269.

**FIFTH CLAIM FOR RELIEF**
**TRESPASS**
(All Defendants)

337. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

338. As a result of the Defendants' design, manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, releases of the toxic AFFF from LSE have physically intruded onto and wrongfully entered the Plaintiff's property, including their groundwater, water supply, water systems, sewer systems, piping, and soil interfering with Plaintiff's possessory interest in its properties without Plaintiff's permission.

339. The physical invasion of toxic PFAS contained in AFFF, designed, manufactured, sold, and/or distributed by Defendants to LSE to be released onto and into Plaintiff's property has physically harmed its property, including contaminating its groundwater, water supply, water systems, sewer systems, piping, soil, and other property with toxic PFAS. The toxic PFAS contained in AFFF which is contaminating Plaintiff's property would not have been present but for the Defendants' tortious actions. The physical intrusion of Defendants' AFFF, and its toxic PFAS components, onto property owned by Plaintiff has caused it to incur significant losses.

340. Invasion of Defendants' AFFF, and its toxic PFAS components, into Plaintiff's and its citizens' property and water supply necessarily caused Plaintiff to act to mitigate the PFAS contamination throughout the Town's groundwater. Plaintiff was required to take all

reasonable and necessary actions to identify and develop both short- and long-term safe alternative water supplies for its citizens. Absent Defendants' tortious conduct, Plaintiff would not have been forced to confront these decisions nor take these actions or incur these costs.

341. As a direct result of Defendants conduct and resulting contamination of Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property, by the toxic PFAS components of the Defendants' AFFF, the Plaintiff have incurred and will incur losses reflected in paragraphs 249 through 269.

**SIXTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
(All Defendants)

342. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

343. Plaintiff has conferred a benefit upon the Defendant by bearing the burden of the PFAS contaminated groundwater, water supply, water systems, sewer systems, piping, and soil that would not have been present but for the Defendants' tortious conduct in designing, manufacture, selling, and/or distributing AFFF.

344. Because Defendants have failed, and refused, to take responsibility for the costs of their PFAS containing AFFFs pervasiveness, persistence, and toxicity Defendants have saved substantial sums of money that they should have been required to expend to avoid the losses incurred by the Plaintiff. Instead, Plaintiff has been forced to take it upon themselves to incur the significant costs to mitigate the Town's contamination and develop safe alternative water supplies for its citizens.

345. Plaintiff has been forced to store Defendants' AFFF, and its toxic PFAS components, in its groundwater, water supply, water systems, sewer systems, piping, soil, and other property without payment from Defendants. Thereby, Defendants have saved the cost of

controlling and remediating toxic PFAS contamination from AFFF and/or engineering AFFF with less toxic components.

346. Defendants knew or should have known of the benefit that Plaintiff has been and continues to confer upon them. Defendants profited from the manufacture, sale, and/or distribution of AFFF and its toxic PFAS components. Defendants continued profit from such manufacture, sale, and/or distribution for decades after they knew or should have known of the environmental and health risks posed by PFAS contained in AFFF. Therefore, Defendants had knowledge of the profit they were receiving, and continue to receive, at the expense of losses incurred by the Plaintiff.

347. Defendants knew or should have known that their AFFF, and its PFAS toxic components, caused losses to Plaintiff's property rights and interests which Defendants did not bear the financial cost to correct. This conduct resulted in a benefit to the Defendants, and they have not been required to shoulder the burden of the losses Plaintiff has incurred as a result.

348. Defendants have accepted and/or retained the benefit Plaintiff has conferred, and continues to confer, upon them under circumstances such that it is inequitable for them to retain the benefit without payment to the Plaintiff. Defendants profited from the manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, at the expense of Plaintiff and its citizens and continued to do so long after they were aware of the environmental and health risk of their PFAS contained in AFFF. Defendants have failed to redesign and/or recall their products to prevent the further release of their AFFF, and its toxic PFAS components, into groundwater and onto Plaintiff's property. Plaintiff has incurred losses as result and is unable to bear the burden Defendants' consciously wrongful acts and omissions have caused.

349. It is inequitable for Plaintiff to incur the losses caused by Defendants' actions and omissions when Defendants knew and/or disregarded the risk that their product was highly mobile, persistent, toxic, bioaccumulative. Defendants knew and/or should have known that because of those characteristics, through its intended use PFAS contained in its AFFF was likely to be released into and contaminate Plaintiff's groundwater, water supply, water systems, sewer systems, piping, soil, and other property.

350. Through Defendants' actions and inaction at the expense of Plaintiff, Defendants have been unjustly enriched.

351. The Court should award as a remedy the expenditures saved and the profits obtained by Defendants at the expense of Plaintiff.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF WISCONSIN UNIFORM FRAUDULENT TRANSFER ACT**
(E.I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc.)

352. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

353. Plaintiff seeks equitable and other relief pursuant to the Wisconsin Uniform Fraudulent Transfer Act ("UFTA") against E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc. (collectively the DuPont Defendants). Wis. Stat. §242.04(1), et seq.

354. Under the UFTA, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Wis. Stat. §242.04(1).

355. The DuPont Defendants have (a) acted with actual intent to hinder, delay and defraud parties, and/or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and (i) were engaged or were about to engage in a business for which the remaining assets of The Chemours Company were unreasonably small in relation to the business; or (ii) intended to incur, or believed, or reasonably should have believed that The Chemours Company would incur, debts beyond its ability to pay as they became due.

356. The DuPont Defendants engaged in acts in furtherance of a scheme to transfer E. I. du Pont de Nemours and Company's assets out of the reach of parties such as Plaintiff that has been damaged as a result of the DuPont Defendants' conduct, omissions, and actions described in this Complaint.

357. It is primarily E. I. du Pont de Nemours and Company, rather than The Chemours Company, that for decades manufactured, marketed, sold, and/or distributed AFFF, and its toxic PFAS components. E.I. du Pont de Nemours and Company did so with the superior knowledge that PFAS contained in AFFF were toxic, mobile, persistent, bioaccumulative, and biomagnifying, and through normal and foreseen use, would

Case 2023CV000465 Document 22 Filed 10-05-2023 Page 69 of 71

contaminate the Plaintiff's groundwater supply and cause it to incur significant costs related to such contamination.

358. As a result of the transfer of assets and liabilities described in this Complaint, the DuPont Defendants have attempted to limit the availability of assets to cover judgments for all the liability for losses from the manufacturing, marketing, sale, and/or distribution of AFFF and its toxic PFAS components.

359. At the time of the transfer of its Performance Chemicals Business to The Chemours Company, E. I. du Pont de Nemours and Company had been sued, threatened with suit, and/or had knowledge of the likelihood of litigation to be filed regarding DuPont's liability for losses and costs from the manufacturing, marketing, sale, and/or distribution of AFFF and its toxic PFAS components.

360. The DuPont Defendants acted without receiving a reasonably equivalent value in exchange for the transfer or obligation, and E. I. du Pont de Nemours and Company believed or reasonably should have believed that The Chemours Company would incur debts beyond The Chemours Company's ability to pay as they became due.

361. At all times relevant to this action, the claims, judgment, and potential judgments against The Chemours Company potentially exceed The Chemours Company's ability to pay.

362. Pursuant to Wis. Stat. §242.04(1), Plaintiff seeks avoidance of the transfer of E.I. du Pont de Nemours and Company's liabilities for the claims brought in this Complaint and to hold the DuPont Defendants liable for any damages or other remedies that may be awarded under this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the Town of Campbell, respectfully requests that this Court grant the following relief:

a) Award Plaintiff compensation for all losses and costs Plaintiff has incurred, or that will be suffered, as a result of Defendants' actions, including, without limitation, the costs of obtaining alternative water supplies, including the costs of installation of water and sewer pipelines and other infrastructure, the costs of managing water quality, and the costs of acquiring and delivering water; the costs of collecting and analyzing samples of groundwater and other media; the costs of responding to its citizens' needs and public inquiries related to the PFAS contamination from AFFF; the costs of treating groundwater contaminated with PFAS from AFFF, including treatment system costs, operation and maintenance costs, and costs of managing and disposing of treatment system media; the decrease in the value and deferred marketability of its property and property rights; lost time to addressing contamination issues; and the loss of use of its properties;

b) An order for disgorgement of the profits and savings which were obtained by the unjust enrichment of Defendants through their manufacture, sale, and/or distribution of AFFF, and its toxic PFAS components, through the use and at the expense and marketability of the properties of Plaintiff;

c) Award Plaintiff pre- and post-judgment interest, as provided by law;

d) Award Plaintiff its costs incurred in this action; and

e) Award Plaintiff such other and further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all claims so triable contained in this Complaint.

Respectfully submitted this 5th day of October 2023

SINGLETON SCHREIBER, LLP

By: *<u>/s/ Kevin S. Hannon</u>*
Kevin S. Hannon
Wisconsin Registration # 1034348
1641 Downing Street
Denver, CO 80218
Ph: (720)704-6028
khannon@singletonschreiber.com

By: *<u>/s/ Paul Starita</u>*
Paul Starita *(Pending Pro Hac Vice)*
591 Camino de la Reina #1025
San Diego, CA 92108
Ph: (720)704-6028
pstarita@singletonschreiber.com

By: *<u>/s/ Joseph A. Welsh</u>*
Joseph A. Welsh
(*Pending Pro Hac Vice)*
1641 Downing Street
Denver, CO 80218
Ph: (619)346-4580
jwelsh@singletonschreiber.com

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# RETURN OF SERVICE

**STATE OF WISCONSIN**
**CIRCUIT COURT**
**LA CROSSE COUNTY**

**Case No. 2023cv000465**
**Case Code: 30100, 30106, 30201, 30301**

**Judge: Honorable Scott L. Horne**
**Branch 4** /

**TOWN OF CAMPBELL**
**Plaintiff,**

v

**THE 3M COMPANY (f/k/a) MINNESOTA MINING AND MANUFACTURING CO.) et al**
**Defendants.** /

**STATE OF NORTH CAROLINA )**
**) ss.**
**City Of Gastonia )**
**and County of GASTON )**

I, BOBBY POOLE, the affiant, being duly sworn, say: that I am over the age of eighteen years and am not a party to the within action; and that I have served the Defendant Buckeye Fire Equipment Company, true and correct copy of the SUMMONS and COMPLAINT AND JURY TRIAL DEMAND , at 110 Kings Road, Kings Mountain, North Carolina 28086 on April 23, 2024 at 9:45 a. m. to
Ms.Jackie Gold, authorized agent to accept service for Buckeye Fire Equipment Company.

Bobby Poole
Allways Express
PO Box 309
Gastonia, NC 28053
704-864-2437

Subscribed and sworn before me on April 23, 2024,

Janet Moser Notary Public
My Commission Expires: 10-13-2025

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# Affidavit of Service

| Case No.<br>2023CV000465 | Court:<br>Circuit Court | County/State:<br>La Crosse/ Wisconsin | Job No:<br>04232024.0009-2 |
|---|---|---|---|
| Plaintiff/Petitioner:<br>Town Of Campbell | | Defendant/Respondent:<br>The 3M Company, (f/k/a Minnesota Mining and Manufacturing Co), et al. | |
| Received by:<br>Black Dog Agency LLC | | For:<br>Singleton Schreiber | |
| To be served upon:<br>Clariant Corporation c/o Registered Agent, Corporation Service Company | | | |

I, Erin De La Cruz, certify that I am over the age of 21 and a resident of NC and not a party to the action and who is not related by blood or marriage to a party to the action or to a person upon whom service is to be made.

Recipients Name: Heather Hughes, Intake Representative of Registered Agent

Manner of Service: Authorized/ Hand Delivery

Date and Time of Service: April 24th, 2024 at 11:58AM

Address of Service: 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608

Documents Served: Summons and Complaint Jury Trial

Sworn to and subscribed before me
This 25 day of April, 2024
[signature]
Notary Public
megan De La Cruz
Notary Public Printed Name
My commission expires: 12/12/27

[signature] 4/25/24
Erin De La Cruz — Date
Private Process Server
Black Dog Agency LLC
919-961-2195
PO Box 1863
Raleigh, NC 27602

MEGAN DE LA CRUZ
NOTARY
PUBLIC
WAKE COUNTY, N.C.

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| **Case:** 2023CV000465 | **Court:** La Crosse County Circuit Court | **County:** La Crosse, WI | **Job:** 10917683 |
| **Plaintiff / Petitioner:** Town of Campbell | | **Defendant / Respondent:** The 3m Company (f/k/a Minnesota Mining and Manufacturing Co.) et al | |
| **Received by:** Dane County Civil Process, LLC | | **For:** Singleton Schreiber | |
| **To be served upon:** The Chemours Company, c/o CT Corporation System | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Barb DeJongh, Clerk, CT Corporation System, Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703

**Manner of Service:** Registered Agent, Apr 24, 2024, 11:48 am CDT

**Documents:** Authenticated Summons and Complaint (Received Apr 23, 2024 at 1:00pm CDT)

**Additional Comments:**
1) Successful Attempt: Apr 24, 2024, 11:48 am CDT at Registered Agent Company: 301 South Bedford Street Suite 1, Madison, WI 53703 received by Barb DeJongh, Clerk, CT Corporation System. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 155; Height: 5'5"; Hair: Gray; Served.

**Fees:** $57.40

Michael Jesse — 04/25/2024
**Date**

Dane County Civil Process, LLC
345 W Washington Ave Suite 332
Madison, WI 53703
608-849-6420

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

04/25/2024 — 07/20/2026
**Date** — **Commission Expires**

DAVID OVERLIN
NOTARY PUBLIC
STATE OF WISCONSIN

Case 2023CV000465 Document 26 Filed 04-26-2024 Page 1 of 1

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County, WI
2023CV000465

STATE OF WISCONSIN
COUNTY OF LA CROSSE

Circuit Court
Branch 4
Case No.: 2023CV000465

TOWN OF CAMPBELL,
Plaintiff,
vs.

THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.) et al.,
Defendants.

**AFFIDAVIT OF SERVICE**

State of Minnesota)
County of Stearns)SS

I, Jean Dotzler, being over the age of 18 and not a party to this action, hereby certify and return that I served the SUMMONS AND COMPLAINT in the above titled action.

Upon: THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.)

At:

CORPORATION SERVICE COMPANY
2345 RICE STREET, SUITE 230
ROSEVILLE, MN 55113
RAMSEY County Minnesota

On:

April 25, 2024, at 10:43 am

By handing to and leaving with CHRISTINA OLUND, a MANAGING AGENT who is authorized to accept service a true and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

Jean Dotzler
Arden Process Services L.L.C.

April 25, 2024
Date

Case 2023CV000465 Document 27 Filed 04-26-2024 Page 1 of 1

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

Job # 30356

# AFFIDAVIT OF PROCESS SERVER

**Client Info:**

Singleton Schreiber LLp
Brittany Hansen
1641 N Downing
Denver, CO 80218

**Case Info:**

**Plaintiff:**
Town of Campbell
-versus-
**Defendant:**
Nation Ford Chemical Company

Circuit Court

County of La Crosse, Wisconsin
Court Case # **2023CV000465**

**Service Info:**

**Date Received: 4/23/2024** at **02:28 PM**
**Service:** I Served **John A. Dickson, IV**
With: **Complaint, Summons and Jury Demand**
by leaving with **Michael Bratt, CHIEF FINANCIAL OFFICER**

At ( Business / Residence ) **2300 BANK STREET FORT MILL, SC 29715**
On **4/24/2024** at **02:20 PM**
**Manner of Service: SUBSTITUTE (BUSINESS)**
**SERVED:** by delivering a true copy of this **Complaint, Summons and Jury Demand** to: **Michael Bratt**, **CHIEF FINANCIAL OFFICER** at the address of: **2300 Bank Street Fort Mill, SC 29715** of the named person's usual place of business with an authorized person according to SC Rules of Civil Procedure.

I **Meghan Buschbacher** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: Meghan C Buschbacher
**Meghan Buschbacher**

**Accurate Serve of Charlotte**
301 S McDowell Street Suite 125 - 1442
Charlotte, NC 28204
Phone: (704) 858-2952

Our Job # **30356**

SUBSCRIBED AND SWORN to before me this 25 day of April , 2024 by **Meghan Buschbacher**,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Jenish Tamakuwala
NOTARY PUBLIC for the state of South Carolina

**JENISH TAMAKUWALA**
Notary Public - State of South Carolina
My Commission Expires April 28, 2033

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

| **Case:** 30100, 30106,30201,30301 | **Court:** State of Wisconsin, Circuit Court LaCrosse County | **County:** | **Job:** 10915933 (24-172) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Town of Campbell | | **Defendant / Respondent:** AGC Chemicals America Inc., et al | |
| **Received by:** The Browning Group LLC | | **For:** Singleton Schreiber | |
| **To be served upon:** AGC Chemicals America Inc | | | |

I, Kenneth Browning, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** AGC Chemicals America Inc c/o Tina Crisanti (Intake Specialist ), 600 North 2nd Street Ste 401, Harrisburg, PA 17101

**Manner of Service:** Registered Agent, Apr 23, 2024, 12:13 pm EDT

**Documents:** Complaint and Summons (Received Apr 23, 2024 at 10:00am EDT)

**Additional Comments:**
1) Successful Attempt: Apr 23, 2024, 12:13 pm EDT at 600 North 2nd Street Ste 401, Harrisburg, PA 17101 received by AGC Chemicals America Inc c/o Tina Crisanti (Intake Specialist ). Age: 50's; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'9"; Hair: Gray; Other: Cooperative ;
Hand Delivered

[signature] 4/25/24
Kenneth Browning  Date

*Subscribed and sworn to before me by the affiant who is personally known to me.*

[signature]
Notary Public

April 25 2024  April 24 2025
Date  Commission Expires

The Browning Group LLC
P.O. Box 6173
Harrisburg, PA 17112
1-800-939-2978

Commonwealth Of Pennsylvania - Notary Seal
Brandy M Green, Notary Public
Dauphin County
My Commission Expires April 24, 2025
Commission Number 1311386

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

State of Wisconsin

County of La Crosse

Case Number: 23CV465

Plaintiff: **TOWN OF CAMPBELL**

vs.

Defendant: **THE 3M COMPANY (f/k/a MINNESOTA MINING AND MANUFACTURING CO), ET AL**

For: SINGLETON SCHREIBER LLP

Received by Patrick L. Zelzer and Associates on the 22nd day of April, 2024 at 10:37 am to be served on **CHEMDESIGN PRODUCTS INC C/O CORPORATION SERVICE COMPANY, 33 EAST MAIN STREET, SUITE 610, MADISON, WI 53703**. I, MARK MURPHY, being duly sworn, depose and say that on the 24 day of APRIL, 2024 at 11:10 A.m., executed service by delivering a true copy of the **SUMMONS AND COMPLAINT AND JURY TRIAL DEMAND** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving ______ as ______ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving ______ as ______

(X) CORPORATE SERVICE: By serving ANDREW SCHUMACHER as RECEPTION

( ) OTHER SERVICE: As described in the Comments below by serving ______ as ______

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** W/M 40s 62" BRO 220 lbs

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 24th day of April, 2024 by the affiant who is personally known to me.

[signature]
NOTARY PUBLIC
exp: 6.12.2027

LINDSAY P. MURPHY NOTARY PUBLIC STATE OF WISCONSIN

[signature]
PROCESS SERVER # NA
Appointed in accordance with State Statutes

**Patrick L. Zelzer and Associates**
**P.O BOX 12554**
**Green Bay, WI 54307-2554**
**(920) 362-7707**

Our Job Serial Number: 2024001559

Service Fee $75.00

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Case 2023CV000465 Document 30 Filed 04-26-2024 Page 1 of 1

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

CAUSE NO. 2023CV000465

| | | |
|---|---|---|
| **Town of Campbell** | § | **STATE OF WISCONSIN** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **CIRCUIT COURT** |
| | § | |
| **Chemicals Inc.** | § | |
| Defendant. | § | LA CROSSE COUNTY |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Philip Bart** who, being by me duly sworn, deposed and said:

"The following came to hand on **April 23, 2024, 3:00 pm**,

**SUMMONS AND COMPLAINT AND JURY TRIAL DEMAND**

and was executed at **12321 Hatcherville , Bayton , TX 77520** within the county of **Chambers** at **9:04 AM** on **Wednesday, April 24 2024**, by delivering a true copy to the within named

**TINA GOETSCHIUS - CHIEF FINACIAL OFFICER**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Philip Bart**
**Certification Number: 182 SCH**
**Certification Expiration: 7/31/2024**

**BEFORE ME,** a Notary Public, on this day personally appeared **Philip Bart,** known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON 4/24/2024**

**Samantha Schumann - Notary Public, State of Texas**

NOTARY PUBLIC STATE OF TEXAS
SAMANTHA SCHUMANN
Notary ID #126546709
My Commission Expires
June 17, 2024

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

AFFIDAVIT OF SERVICE

STATE OF WISCONSIN
CIRCUIT COURT
LA CROSSE COUNTY

TOWN OF CAMPBELL,

Plaintiff,

v.

Case No: 2023CV000465

3M COMPANY, et al.,

Defendants.

---

STATE OF DELAWARE }
}ss.
COUNTY OF NEW CASTLE }

I, Charles Hall, of Parcels Inc., the State of Delaware, County of New Castle, being duly sworn, say that on the 23rd day of April 2024 at 11:05 a.m., I personally served a copy of a SUMMONS and COMPLAINT AND JURY TRIAL DEMAND with supporting documents on **CORTEVA, INC.,** by serving the registered agent The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

Name of individual accepting service: Chimer Brooks – Authorized to accept
Description of individual: African-American female, 35-45 yrs. old, 170 lbs., 5'6" with black hair..

Charles Hall

Subscribed and sworn before me
This 24th day of April, 2024.

ZAHID HOSSAIN NAWAZ
MY COMMISSION EXPIRES AUGUST 25, 2024
NOTARY PUBLIC
STATE OF DELAWARE

Notary Public
My commission expires: ______________

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# RETURN OF SERVICE

State of Wisconsin

County of La Crosse

I, Sheryl J. Bacon, of lawful age, being first duly sworn, deposes and states; I am duly licensed as a private process server under 12 O.S. Supp §158.1; that I received the foregoing Summons, Complaint, and Jury Trial Demand ~~Index~~ CASE # 2023cv000465 on the 24th day of April 2024.

## PERSONAL SERVICE

That I delivered a copy of said Summons, Complaint, and Jury Trial Demand to each of the following named defendants personally at the address and on the date set forth opposite each name to wit:

| Name of Defendant(s) | Address | Date of Service |
|---|---|---|
| | | |
| | | |

## USUAL PLACE OF RESIDENCE

...and that on ______________, I served ______________________________ by leaving each a copy of the said Summons, Complaint, and Jury Trial Demand at ______________________________ ______________________,which is his usual place of residence, with ______________________________, ______________________, a member of his household over fifteen (15) years of age.

## CORPORATION RETURN

...and commanded therein, I summoned the within named defendant, as follows, to wit: Deepwater Chemicals, at 1833 S. Morgan Road, OKC, OK 73128, a corporation, on the 24th day of April, 2024 by delivering a true and correct copy of the within Summons, Complaint, and Jury Trial Demand hereof with endorsement thereon to CT Corporation, he being the Registered Agent of said corporation. * Amy Stowe

☐ **Party served provided that the defendant is a single person.**

Military Status ☐ No ☐ Yes Branch______________

## NOT FOUND

I certify that the following persons of the defendant(s) within named not found in said county: ______________________

==========================================================================

[signature] License # PSS-2022-33

Sheryl J. Bacon Private Process Server

Subscribed and sworn to before me this 24th day of April, of 2024

State of Oklahoma
County of Oklahoma
My Commission Expires:

DWAYNE E. GILLESPIE NOTARY # 13008700 EXP. 09/20/25 PUBLIC STATE OF OKLAHOMA

[signature]
NOTARY PUBLIC

FILED
04-26-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

**IN THE CIRCUIT COURT OF LA CROSSE COUNTY, WISCONSIN** **Case #: 2023CV000465**

**Town of Campbell**
Plaintiff

**vs.**

**The 3M Company (f/k/a Minnesota Mining and Manufacturing Co.), et al.**
Defendant

State of Delaware, County of New Castle SS:

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Complaint and Jury Demand**

PARTY SERVED: **DUPONT DE NEMOURS, INC. C/O THE CORPORATION TRUST COMPANY**

PERSON SERVED: **CHIMERE BROOKS, INTAKE SPECIALIST**

METHOD OF SERVICE: **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers.

DATE & TIME OF DELIVERY: **4/23/2024 at 1:32 PM**

ADDRESS, CITY AND STATE: **1209 ORANGE STREET, WILMINGTON, DE 19801**

Race: **Black** Sex: **Female** Age: **43**
Height: **5'3"** Weight: **180** Hair: **Brown** Glasses: **No**

SUBSCRIBED AND SWORN to before me on the 24th day of April, 2024.

[signature]

NOTARY PUBLIC

JOSEPH TALVACCHIO JR
Notary Public
State of Delaware
My Commission Expires on May 14, 2027

I declare under penalties of perjury that the information contained herein is true and correct.

[signature]

Ramona Talvacchio

**FILED**
**04-26-2024**
**Clerk of Circuit Court**
**La Crosse County WI**
**2023CV000465**

# CERTIFICATE OF SERVICE

**IN THE CIRCUIT COURT OF LA CROSSE COUNTY, WISCONSIN** **Case #: 2023CV000465**

**Town of Campbell**
Plaintiff

**vs.**

**The 3M Company (f/k/a Minnesota Mining and Manufacturing Co.), et al.**
Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Class Action Complaint For Property Related Damages and Demand for Jury Trial**

| | |
|---|---|
| PARTY SERVED: | **E. I. DUPONT DE NEMOURS AND COMPANY C/O THE CORPORATION TRUST COMPANY** |
| PERSON SERVED: | **CHIMERE BROOKS, INTAKE SPECIALIST** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **4/24/2024 at 1:29 PM** |
| ADDRESS, CITY AND STATE: | **1209 ORANGE STREET, WILMINGTON, DE 19801** |

| | | | |
|---|---|---|---|
| Race: **Black** | Sex: **Female** | Age: **43** | |
| Height: **5'3"** | Weight: **180** | Hair: **Brown** | Glasses: **No** |

Judicial Attorney Services, Inc.
1201 N Orange St., Ste 714
Wilmington, DE 19801
(877) 659-3448

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 4/24/2024.

Ramona Talvacchio

Ramona Talvacchio

CLIENT: **Singleton Schreiber**
FILE #:

Job #: **571297**

FILED
05-06-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

STATE OF WISCONSIN • CIRCUIT COURT • LA CROSSE COUNTY

Plaintiff: TOWN OF CAMPBELL v. Defendants: THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); et al

Case No.: 2023CV000465

State of Delaware, County of New Castle

I, Selena Cabrera being duly sworn, state: I am over 18 years old and not a party to this action

Corporate Service: I served true copies of a SUMMONS JURY TRIAL DEMAND AND COMPLAINT AND JURY TRIAL DEMAND, to:

BASF Corporation
c/o: Registered Agent:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Served on April 29, 2024 at 10:05 am to Chimere Brooks, Intake Specialist

(African American female, about 48, about 190 lbs., about 5'6", black hair, no glasses)

I solemnly affirm under the penalties of perjury, the contents of this affidavit are true.

____________________April 30, 2024. Process Server, Selena Cabrera

Sworn to before me on April 30, 2024____________________

HERMINIO CABRERA
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 07-31-2026

FILED
05-06-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 2023CV000465 | STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY | La Crosse | 10925621 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| TOWN OF CAMPBELL | THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC. |
| **Received by:** Capital Courier, LLC | **For:** Singleton Schreiber |
| **To be served upon:** Dynax Corporation c/o Corporate System LLC | |

I, Isaiah Greene, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Dynax Corporation c/o Corporate System LLC, 3500 South Dupont Highway, Dover, DE 19901
**Manner of Service:** Registered Agent, Apr 25, 2024, 12:25 pm EDT
**Documents:** 2023.10.05 FE Summons and Complaint and Jury Trial Demand.pdf

**Additional Comments:**
1) Successful Attempt: Apr 25, 2024, 12:25 pm EDT at 3500 South Dupont Highway, Dover, DE 19901 received by Dynax Corporation c/o Corporate System LLC. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 200; Height: 5'10"; Hair: Brown;
I entered the building of the registered agent and was greeted by Amy Stoffel. Her identity was verified on a previous visit. She checked her computer and then accepted service.

**Fees:** **$89.10**

5/1/24

Isaiah Greene
1367519

Date

Capital Courier, LLC
PO Box 38
Dover, DE 19903
3028570811

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Notary Public

5/1/2024 11/10/2024

Date Commission Expires

**Karen E. Elliott**
**Notary Public**
**State of Delaware**
**My Commission Expires November 10, 2024**

FILED
05-06-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# Affidavit of Process Server

STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY
(NAME OF COURT)

TOWN OF CAMPBELL vs AMEREX CORPORATION — 2023CV000465
PLAINTIFF/PETITIONER — DEFENDANT/RESPONDENT — CASE NUMBER

I Daniel Moore, **being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.**

**Service:** I served AMEREX CORPORATION
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons, Complaint and Jury Trial Demand

by leaving with Andy Pody (NAME) Authorized Agent (RELATIONSHIP) At

☐ Residence ______ ADDRESS ______ CITY / STATE ______

☑ Business 2900 HIGHWAY 280 SUITE 300 (ADDRESS) BIRMINGHAM, AL 35223 (CITY / STATE)

On 4/26/24 (DATE) AT 12:40pm (TIME)

☑ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on ______ DATE

from ______ CITY ______ STATE ______ ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of ______ and explaining the general nature of the papers.

☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Cancelled by Litigant** ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist** ☐ **Other** ______

**Service Attempts:** Service was attempted on: (1) ______ DATE ______ TIME (2) ______ DATE ______ TIME

(3) ______ DATE ______ TIME (4) ______ DATE ______ TIME (5) ______ DATE ______ TIME

**Description:**. Age 45 Sex Male Race White Height 5'9" Weight 170 Hair Brown Beard No Glasses No

SIGNATURE OF PROCESS SERVER
Daniel Moore

FILED
05-06-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

**State of Wisconsin** **County of La Crosse** **Circuit Court**

Case Number: 2023CV000465

Plaintiff:
**TOWN OF CAMPBELL**

vs.

Defendants:
**THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.) et al.**

Received these papers on the 22nd day of April, 2024 at 4:13 pm to be served on **Chemguard, Inc. C/O C.T. Corporation System; Registered Agent, 1999 Bryan St, Suite 900, Dallas, Dallas County, TX 75201.**

I, Norman Lee Collins, being duly sworn, depose and say that on the **23rd day of April, 2024** at **3:42 pm, I:**

Delivered to the within named Corporation a true copy of the Summons with Complaint with the date of delivery endorsed thereon by me, to C.T. Corporation System as Registered Agent and personally delivered to their designated agent for acceptance of delivery of process George Martinez and informed said person of the contents thereof.

I certify that I am over the age of 21, have no interest in the above action, and am competent to testify. I am an Authorized Process Server in good standing. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state. All statements contained herein are based on my personal knowledge and are true and correct.

Norman Lee Collins (signature)
**Norman Lee Collins**
PSC360; EXP. 7/31/2024

Our Job Serial Number: PEL-2024001882

Subscribed and Sworn to before me on 4/26/24
by the affiant who is personally known to me.

Amanda Jones (signature)
NOTARY PUBLIC

AMANDA JONES
Notary Public, State of Texas
Comm. Expires 03-30-2025
Notary ID 131062296

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V

FILED
05-06-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

# AFFIDAVIT OF SERVICE

| Case: | Court: STATE OF WISCONSIN CIRCUIT COURT | County: LA CROSSE COUNTY, WI | Job: 10347555 |
|---|---|---|---|

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| TOWN OF CAMPBELL | THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC. |
| **Received by:** MONTCO Constable Services LLC | **For:** Registered Agent |

**To be served upon:**
THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.

I, Karen Ludwig, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Lois Gray on behalf of ARKEMA INC, Corporate: 900 First Avenue, King of Prussia, PA 19406
**Manner of Service:** Corporation, Apr 26, 2024, 1:12 pm EDT
**Documents:** Summons and Complaint (Received Apr 22, 2024 at 2:10pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 26, 2024, 1:12 pm EDT at Corporate: 900 First Avenue, King of Prussia, PA 19406 received by Lois Gray on behalf of ARKEMA INC. Age: 50; Ethnicity: Caucasian; Gender: Female; Weight: 135; Height: 5'5"; Hair: Blond; Eyes: Green; Relationship: Receptionist; Served the person in charge of the office or business.

Karen Ludwig 4/27/24
Karen Ludwig Date

MONTCO Constable Services LLC
600 Gary Lane
Norristown, PA 19401
6107726492

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE 3M COMPANY F/K/A MINNESOTA MINING AND MANUFACTURING CO.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

JOHNSON CONTROLS INTERNATIONAL, PLC

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BUCKEYE FIRE EQUIPMENT COMPANY

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

E.I. DUPONT DE NEMOURS AND COMPANY

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY FC, LLC

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

Case 2023CV000465 Document 40 Filed 05-22-2024 Page 7 of 10

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CORTEVA, INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 40 Filed 05-22-2024 Page 8 of 19

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DUPONT DE NEMOURS INC. F/K/A/ DOWDUPONT, INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARKEMA INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AGC CHEMICALS AMERICAS INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DYNAX CORPORATION

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CLARIANT CORPORATION

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BASF CORPORATION

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMDESIGN PRODUCTS, INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AMEREX CORPORATION

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARCHROMA MANAGEMENT LLC

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DEEPWATER CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

NATION FORD CHEMICAL COMPANY

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024



**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Matthew Krueger, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Matthew Krueger has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

FILED
05-22-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

---

TOWN OF CAMPBELL,

Plaintiff,

v.

THE 3M COMPANY (f/lc/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.,

Defendants.

Case No. 2023CV000465
Case Code: 30100, 30106, 30201, 30301

---

**NOTICE OF APPEARANCE**

---

PLEASE TAKE NOTICE that Matthew D. Krueger of Foley & Lardner, LLP hereby enters his appearance on behalf of Defendants, Tyco Fire Products, L.P and Chemguard, Inc., in the above-captioned case, and requests that all further notices, court-filed submissions, and orders be served upon him at the address listed below.

Dated: May 22, 2024

*<u>/s/ Matthew D. Krueger</u>*
Matthew D. Krueger, WI Bar No. 1096923
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5306
Phone: 414.297.4987
Fax: 414.297.4900
Email: mkrueger@foley.com

*Attorneys for Defendants Tyco Fire Products, L.P. and Chemguard, Inc*

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE 3M COMPANY F/K/A MINNESOTA MINING AND MANUFACTURING CO.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

JOHNSON CONTROLS INTERNATIONAL, PLC

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 42 Filed 05-22-2024 Page 3 of 19

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BUCKEYE FIRE EQUIPMENT COMPANY

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

E.I. DUPONT DE NEMOURS AND COMPANY

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY FC, LLC

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CORTEVA, INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DUPONT DE NEMOURS INC. F/K/A/ DOWDUPONT, INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARKEMA INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AGC CHEMICALS AMERICAS INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DYNAX CORPORATION

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 42 Filed 05-22-2024 Page 12 of 19

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CLARIANT CORPORATION

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 42 Filed 05-22-2024 Page 13 of 19

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BASF CORPORATION

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMDESIGN PRODUCTS, INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AMEREX CORPORATION

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARCHROMA MANAGEMENT LLC

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DEEPWATER CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

NATION FORD CHEMICAL COMPANY

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Evan V. Bondoc, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Evan V. Bondoc has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

FILED
05-22-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

---

TOWN OF CAMPBELL,

Plaintiff,

v.

THE 3M COMPANY (f/lc/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.,

Defendants.

Case No. 2023CV000465
Case Code: 30100, 30106, 30201, 30301

---

**NOTICE OF APPEARANCE**

---

PLEASE TAKE NOTICE that Evan V. Bondoc of Foley & Lardner, LLP hereby enters his appearance on behalf of Defendants, Tyco Fire Products, L.P. and Chemguard, Inc., in the above-captioned case, and requests that all further notices, court-filed submissions, and orders be served upon him at the address listed below.

Dated: May 22, 2024

*/s/ Evan V. Bondoc*
Evan V. Bondoc, WI Bar No. 1123612
FOLEY & LARDNER LLP
150 E Gilman St, Suite 5000
Madison, WI 53703-1482
Phone: 608.258.4217
Fax: 608.258.4258
Email: ebondoc@foley.com

*Attorneys for Defendants Tyco Fire Products, L.P. and Chemguard, Inc*

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE 3M COMPANY F/K/A MINNESOTA MINING AND MANUFACTURING CO.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

JOHNSON CONTROLS INTERNATIONAL, PLC

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BUCKEYE FIRE EQUIPMENT COMPANY

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

E.I. DUPONT DE NEMOURS AND COMPANY

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024



**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

THE CHEMOURS COMPANY FC, LLC

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CORTEVA, INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DUPONT DE NEMOURS INC. F/K/A/ DOWDUPONT, INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARKEMA INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 44 Filed 05-22-2024 Page 10 of 10

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AGC CHEMICALS AMERICAS INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DYNAX CORPORATION

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CLARIANT CORPORATION

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

Case 2023CV000465 Document 44 Filed 05-22-2024 Page 13 of 19

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

BASF CORPORATION

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMDESIGN PRODUCTS, INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

AMEREX CORPORATION

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

ARCHROMA MANAGEMENT LLC

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

DEEPWATER CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

NATION FORD CHEMICAL COMPANY

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN CIRCUIT COURT LA CROSSE COUNTY**

Town of Campbell vs. THE 3M COMPANY f/k/a Minnesota Mining and Manufactur...et al

**Electronic Notice Status Change**

Case No: 2023CV000465

CHEMICALS, INC.

For 2023CV000465, the electronic notice preference for Bryan Mette, Wisconsin attorney for TYCO FIRE PRODUCTS, L.P. and CHEMGUARD, INC., has changed.

Bryan Mette has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: May 22, 2024


**This form shall not be modified. It may be supplemented with additional material.**

FILED
05-22-2024
Clerk of Circuit Court
La Crosse County WI
2023CV000465

**STATE OF WISCONSIN** **CIRCUIT COURT** **LA CROSSE COUNTY**

---

TOWN OF CAMPBELL,

Plaintiff,

v.

THE 3M COMPANY (f/lc/a Minnesota Mining and Manufacturing Co.); TYCO FIRE PRODUCTS, L.P., successor-in-interest to The Ansul Company; JOHNSON CONTROLS INTERNATIONAL, PLC; CHEMGUARD, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise; THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise; CORTEVA, INC.; DUPONT DE NEMOURS INC., f/k/a/ DOWDUPONT, INC.; ARKEMA INC.; AGC CHEMICALS AMERICAS INC.; DYNAX CORPORATION; CLARIANT CORPORATION; BASF CORPORATION; CHEMDESIGN PRODUCTS, INC.; AMEREX CORPORATION; ARCHROMA MANAGEMENT LLC; DEEPWATER CHEMICALS, INC.; NATION FORD CHEMICAL COMPANY; and CHEMICALS, INC.,

Defendants.

Case No. 2023CV000465
Case Code: 30100, 30106, 30201, 30301

---

## NOTICE OF APPEARANCE

---

PLEASE TAKE NOTICE that Bryan T. Mette of Foley & Lardner, LLP hereby enters his appearance on behalf of Defendants, Tyco Fire Products, L.P. and Chemguard, Inc., in the above-captioned case, and requests that all further notices, court-filed submissions, and orders be served upon him at the address listed below.

Dated: May 22, 2024

*<u>/s/ Bryan T. Mettte</u>*
Bryan T. Mette, WI Bar No. 1125800
FOLEY & LARDNER LLP
150 E Gilman St, Suite 5000
Madison, WI 53703-1482
Phone: 608.258.4292
Fax: 608.258.4258
Email: bmette@foley.com

*Attorneys for Defendants Tyco Fire Products, L.P. and Chemguard, Inc*